**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA** 07-21824

**CASE NO:**

CIV-GRAHAM
MAGISTRATE JUDGE
O'SULLIVAN

| | |
|---|---|
| ALEXIS KING, CHRISTINA KING, TAMMY LOPEZ, SCOTT PROPHET and DOMINIQUE RIZZO; individually and on behalf of all other similarly situated current and former employees, | **COLLECTIVE ACTION**<br><br>**COMPLAINT FOR DAMAGES BASED ON:**<br><br>**1.   FAILURE TO PAY WAGES;**<br>**2.   FAILURE TO PAY OVERTIME COMPENSATION;**<br>**3.   FAILURE TO PROVIDE REST PERIODS (OR COMPENSATION THEREFOR);**<br><br>**DEMAND FOR JURY TRIAL** |
| Plaintiffs, | |
| v. | |
| CVS/CAREMARK CORP., CVS, INC., CVS, LLC., HOLIDAY CVS, LLC, and DOES 1-100, | |
| Defendants. | |

Plaintiffs ALEXIS KING, CHRISTINA KING, TAMMY LOPEZ, SCOTT PROPHET, and DOMINIQUE RIZZO,  individually, and on behalf of all other similarly situated current and former employees of Defendants, CVS/CAREMARK CORP., CVS, INC., CVS, LLC., HOLIDAY CVS, LLC., and DOES 1-100, throughout the United States, hereby allege as follows:

**PRELIMINARY STATEMENT**

1.       Plaintiffs ALEXIS KING, CHRISTINA KING, TAMMY LOPEZ, SCOTT PROPHET, and DOMINIQUE RIZZO bring this collective action, pursuant to 29 U.S.C. § 216(b), on behalf of pharmacy technicians employed and formerly employed by Defendants CVS/CAREMARK CORP., CVS, INC., CVS, LLC., and HOLIDAY CVS, LLC,  (hereinafter known as "Defendants"),  to recover among other things; unpaid

1

overtime wages, compensation for lunch and rest periods not taken or paid, compensation for work performed before and after scheduled workdays, and remedies for violations of the Fair Labor Standards Act,   29 U.S.C. § 201 et seq., (hereinafter referred to as "FLSA"), including interest, liquidated damages, attorneys' fees, and costs of suit.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as the claims asserted herein are predicated upon federal statutes.  Moreover, this court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a)(1) and (c)(1), because all of the parties are citizens of different states, and the amount in controversy exceeds $75,000.00.

3.      Venue is proper pursuant to 28 U.S.C. § 1391 (b), (c), because some of the events alleged in this complaint occurred within the State of Florida, within this Judicial District, and that the named Defendants are licensed to do business, and are doing business in Florida, in stores located throughout the state, and within this Judicial District.

## GENERAL ALLEGATIONS

4.      Plaintiffs ALEXIS KING, CHRISTINA KING, TAMMY LOPEZ, SCOTT PROPHET, AND DOMINIQUE RIZZO, and others similarly situated, including all current and former employees throughout the United States, (hereinafter collectively referred to as "Plaintiffs") of Defendants, bring this collective action on behalf of themselves and other current and former pharmacy technicians who were and are employees of Defendants, who are similarly situated, to recover among other things, unpaid overtime wages, compensation for lunch and rest periods not taken or paid,

2

compensation for work performed before and after scheduled workdays, and remedies for violation of the FLSA, including interest, liquidated damages, attorneys' fees, and costs of suit.

5.     Plaintiffs are informed and believe, and based thereon allege that all of the business practices, policies, operations, and procedures, including any and all activities used and conducted by Defendants, violated and continue to violate the FLSA, 29 U.S.C. § 201 *et seq*.

6.     Plaintiffs are informed and believe and thereupon allege that, at all times herein mentioned, Defendants are corporate entities that regularly at all times mentioned herein, employ one hundred or more persons.

7.     The true names and capacities, whether corporate, associate, individual or otherwise of Defendants, DOES 1 through 100, inclusive, are unknown to Plaintiffs, who therefore sues said Defendants by such fictitious names.   Each of the Defendants designated herein as a DOE is legally responsible in some manner for the events and happenings herein referred to and caused injuries and damages proximately thereby to the Plaintiffs, as herein alleged.   Plaintiffs will amend or ask leave of Court to amend this Complaint to show their names and capacities when the same have been ascertained pursuant to the Federal Rules of Civil Procedure Rule 15.

8.     Plaintiffs are informed and believe and thereupon allege that, at all times herein mentioned, that all Defendants willfully committed, ordered, directed, supervised, allowed, planned, ratified, concealed, organized, or otherwise participated in the unlawful acts complained of herein on a repeated and recurrent basis.

3

## PARTIES

9.     Plaintiff ALEXIS KING is a resident of Illinois, and was employed by Defendants as a pharmacy technician from November 2004 through the present, at various CVS, Inc. stores located therein. While employed by Defendants, she was regularly required to work through her lunch break without pay and was also deprived of paid rests breaks promised by Defendants. Moreover, Plaintiff King was also regularly required to perform off the clock work in excess of her scheduled forty (40) hours per week, for which she was not compensated.

10.     Plaintiff CHRISTINA KING is a resident of Florida, and was employed by Defendants as a pharmacy technician from August 2004 through March 2006, at various CVS, Inc. stores located therein.  While employed by Defendants, she was regularly required to work through her lunch break without pay and was also deprived of paid rests breaks promised by Defendants.  Moreover, Plaintiff King was also regularly required to perform off the clock work in excess of her scheduled forty (40) hours per week, for which she was not compensated.

11.     Plaintiff TAMMY LOPEZ is a resident of Illinois, and was employed part-time by Defendants as a pharmacy technician from about July 2006, through February 2007 in a Danville CVS store.  While employed by Defendants, she was required to work through her lunch break without pay, and was also deprived of paid rests breaks promised by Defendants. Moreover, Plaintiff LOPEZ was also regularly required to perform off the clock work in excess of his scheduled twenty (20) hours per week, for which he was not compensated.

12.     Plaintiff SCOTT PROPHET is a resident of Florida, and he was employed

by Defendants as a pharmacy technician from May, 1993 through July 2007, in various CVS stores located therein. While employed by Defendants he was routinely required to work through his lunch break by Defendants, for which he was not compensated, and was also deprived of paid rest breaks promised by Defendants. Moreover, Plaintiff Prophet was also regularly required to perform off the clock work in excess of his scheduled forty (40) hours per week, for which he was not compensated.

13. Plaintiff DOMINIQUE RIZZO is a resident of Florida, and she was employed by Defendants as a pharmacy technician from July 2003 through July 2007, in a Tampa CVS store. While employed by Defendants she was routinely required to work through her lunch break by Defendants, for which she was not compensated, and was also deprived of paid rest breaks promised by Defendants. Moreover, Plaintiff RIZZO was also regularly required to perform off the clock work in excess of his scheduled forty (40) hours per week, for which she was not compensated.

14. Plaintiffs are informed and believe, and based thereon allege that Defendant CVS/CAREMARK CORP., is a company that resulted from a merger occurring on or about March, 2007, between CVS, INC., and CAREMARK, INC., that it is organized and existing under the laws of the State of Delaware, and authorized to do business throughout the United States, with its corporate headquarters from which it directs operations and conducts business, located in Woonsocket, County of Providence, State of Rhode Island.

15. Plaintiffs are informed and believe, and based thereon allege that Defendant CVS, INC., was or is a company that was organized under the laws of the State of Rhode Island, and that its corporate headquarters from which it directs operations

and conducts business, is located in Woonsocket, County of Providence, State of Rhode Island.

16.     Plaintiffs are informed and believe, and based thereupon allege that Defendants HOLIDAY CVS, LLC and CVS, LLC are a subsidiaries, divisions, limited liability companies, or other business entities, that issue weekly paychecks to plaintiffs, which are organized and existing respectively, under the laws of the State of Florida and Illinois, whose corporate headquarters from which operations and business are conducted, are located in Woonsocket, County of Providence, State of Rhode Island, and whose practices, policies, and other activities are  controlled, directed, owned or operated by Defendants CVS/CAREMARK CORP. and/or CVS, INC.

17.     At all relevant times Defendants have operated   CVS/CAREMARK CORP., CVS, INC., CVS, LLC., and HOLIDAY CVS, LLC stores in multiple States, including stores located within this Judicial District, and thereon, have been an "employer" involved in interstate commerce within the meaning of the Fair Labor Standards Act, codified at 29 U.S.C. § 201, *et. seq*.  In addition, Defendants were, during all times hereinafter mentioned, enterprises engaged in commerce or in the production of goods for commerce as defined in Section 3(r) of the Act (29 U.S.C. § 203(r) and 203(s)).

## FACTS COMMON TO ALL CAUSES OF ACTION

18.     Plaintiffs ALEXIS KING, CHRISTINA KING, TAMMY LOPEZ, SCOTT PROPHET, AND DOMINIQUE RIZZO are/were pharmacy technicians at Defendant CVS/CAREMARK CORP., and CVS, INC., stores throughout the United States. Plaintiffs allege that they were deprived compensation to which they were entitled by Defendants through the following singular practices, decisions or plans:

6

(a)     requiring pharmacy technicians to work through their lunch break without proper compensation;

(b)     requiring pharmacy technicians to work through paid rest breaks promised by Defendants without additional proper compensation;

(c)     requiring pharmacy technicians to perform off the clock work without additional proper compensation;

19.     At all relevant times alleged herein, Defendants' above mentioned actions, policies and practices of not paying Plaintiffs and other similarly situated persons compensation to which they were entitled, was in violation of the FLSA.

20.     Plaintiffs are informed and believe and based thereon allege that each and every one of the acts and omissions alleged herein was performed by, and/or attributable to Defendants and/or DOES 1-100 acting as agents and/or employees, and/or under the direction and control of Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control, and were committed willfully within the meaning of the FLSA.

21.     As a direct and proximate result of the unlawful actions of Defendant, Plaintiff and persons similarly situated have suffered and continue to suffer from loss of earnings in amounts as yet to be ascertained, but subject to proof at trial in amounts in excess of the minimum jurisdiction of this Court.

## COLLECTIVE ACTION ALLEGATIONS

22.     As alleged herein, Defendants are liable under the FLSA for willfully failing to properly compensate employees such as Plaintiffs, and as such, notice should be sent to past and present pharmacy technicians employed by Defendants

CVS/CAREMARK CORP., CVS, INC., and HOLIDAY CVS, LLC. stores at any time from three years prior to filing the instant Complaint until entry of judgment affording such persons the opportunity to opt-in to this lawsuit, pursuant to 29 U.S.C. § 216(b).

23.    As alleged herein, Defendants have deprived employees compensation to which they were entitled by Defendants through the following singular practices, decisions or plans:

(a)    requiring employees to work through their lunch break without proper compensation;

(b)    requiring employees to work through paid rest breaks promised by Defendants without additional proper compensation;

(c)    requiring employees to perform off the clock work without additional proper compensation;

24.    Based thereon, Defendants have repeatedly and intentionally engaged in a similar practice, commonly and typically applied to the class of pharmacy technicians, of improperly depriving compensation to which such employees were entitled under the FLSA

25.    Questions that are common among FLSA Collective Action members include, but are not limited to:

(a)    whether Defendants have and continue to unlawfully refuse to pay pharmacy technicians proper compensation, in violation of the FLSA, 29 U.S.C. § 201, *et. seq.*, for work performed through their appointed meal periods;

(b)    whether Defendants have and continue to unlawfully refuse to pay pharmacy technicians proper compensation, in violation of the FLSA, 29 U.S.C. § 201,

8

*et. seq.*, for work performed through paid rest periods promised by Defendants;

(c)     whether Defendants have and continue to unlawfully refuse to pay pharmacy technicians proper compensation, in violation of the FLSA, 29 U.S.C. § 201, *et. seq.*, for all work performed;

(d)     whether Defendants have and continue to unlawfully refuse to pay pharmacy technicians proper overtime compensation, in violation of the FLSA, 29 U.S.C. § 201, *et. seq.*, through the aforementioned policies and practices;

(e)     whether Defendants failure to pay such proper compensation is willful within the meaning of the FLSA.

26.     There are numerous similarly situated current and former pharmacy technicians employed by Defendants in a CVS/CAREMARK CORP., CVS, INC., HOLIDAY CVS, LLC store who have been subject to the same policies and practices alleged herein in violation of the FLSA and who would benefit from the issuance of a Court supervised Notice of the present lawsuit and the opportunity to join in the present lawsuit.  Those similarly situated employees are known to Defendants, are readily identifiable by Defendants' records.

27.     Plaintiffs, identified in Paragraphs 4, consent to sue in this action pursuant to 29 U.S.C. § 216(b).  Additional potential collective action members may execute and file forms consenting to opt-in to join as a plaintiff in the instant action.  Copies of the Plaintiffs' Notices of Consent are attached hereto as Exhibit "1."

### FIRST CAUSE OF ACTION
### FAILURE TO PAY WAGES

**(By Plaintiffs A. King, C. King, Lopez, Prophet, & Rizzo)**

**(Against All Defendants)**

9

28. The allegations set forth in paragraphs 1 through 27 are incorporated herein by reference.

29. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*, Defendants were required to compensate all non-exempt employees for all work performed.

30. As alleged herein, Defendants failed and refused to properly compensate Plaintiffs and similarly situated pharmacy technicians for all hours worked by way of singular practices, decisions or plans, including:

(a) requiring employees to work through their lunch break without proper compensation;

(b) requiring employees to work through paid rest breaks promised by Defendants without additional proper compensation; and

(c) requiring employees to perform off the clock work without additional proper compensation.

31. Such acts were committed knowingly and willfully, within the meaning of 29 U.S.C. § 255(a), with a conscious disregard of the rights of the Plaintiffs and persons similarly situated under federal wage and hour laws, of which such acts have deprived the Plaintiffs and persons similarly situated of their property and legal rights.

32. As a result of the aforementioned violations, Plaintiffs and potential collective action members have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and have incurred expenses and attorneys' fees in seeking to compel Defendants to fully perform its

obligations under the law, all to their respective damage in amounts according to proof at the time of trial, but in amounts in excess of the minimum jurisdiction of this Court.

33.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*, and including, 29 U.S.C. § 216(b), Plaintiff are legally entitled to recover unpaid balances of compensation at their regular rate Defendant owes, plus interest, liquidated damages, attorneys' fees, and costs of suit.

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as set forth hereinbelow.

## SECOND CAUSE OF ACTION
## FAILURE TO PAY OVERTIME COMPENSATION

### (By Plaintiffs A. King, C. King, Lopez, Prophet, & Rizzo)

### (Against All Defendants)

34.     The allegations set forth in paragraphs 1 through 27 are incorporated herein by reference.

35.     Pursuant to the FLSA, 29 U.S.C. § 201, *et. seq.*, Defendants were required to compensate all non-exempt employees for all overtime work performed at a rate of pay not less than one and one half the regular rate of pay for work performed in excess of forty (40) hours in a work week.

36.     In violation of federal law, Defendants have refused to perform obligations to compensate Plaintiffs 'and other similarly situated pharmacy technicians for all overtime wages earned by way of the following singular practices, decisions or plans, including:

(a)     requiring employees to work through their lunch break without proper compensation;

11

(b)      requiring employees to work through paid rest breaks promised by Defendants without additional proper compensation; and

(c)      requiring employees to perform off the clock work without additional proper compensation.

37.      Such acts were committed knowingly and willfully, within the meaning of 29 U.S.C. § 255(a),  with a conscious disregard of the rights of the Plaintiffs and persons similarly situated under federal wage and hour laws,  of which such acts have deprived the Plaintiffs and  persons similarly situated of their property and legal rights.

38.      As a result of the aforementioned violations, Plaintiffs and  potential collective action members have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and have incurred expenses and attorneys' fees in seeking to compel Defendants to fully perform its obligations under the law, all to their respective damage in amounts according to proof at the time of trial, but in amounts in excess of the minimum jurisdiction of this Court.

39.      Pursuant to the FLSA, 29 U.S.C. § 201, *et. seq*., and including, 29 U.S.C. § 216(b), Plaintiff are legally entitled to recover unpaid balances of overtime compensation Defendant owes, plus interest,  liquidated damages, attorneys' fees, and costs of suit.

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as set forth hereinbelow.

### THIRD CAUSE OF ACTION
## FAILURE TO PROVIDE REST PERIODS (OR COMPENSATION THEREFOR)

### (By Plaintiffs A. King, C. King, Lopez, Prophet, & Rizzo)

### (Against All Defendants)

40.     The allegations set forth in paragraphs 1 through 27 are incorporated herein by reference.

41.     For the three (3) years preceding the filing of this lawsuit, pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, Defendants maintained a company-wide policy promising non-exempt employees such as Plaintiffs a right to a paid 15 minute break for each four hours worked, and thereupon were required to provide Plaintiffs with certain paid rest periods during the course of Plaintiffs' work shifts and/or work days, as per 29 C.F.R. 785.18, interpreting Title 29 of the Labor Code. As alleged herein and above, Defendants failed to provide Plaintiffs and potential collective action members with rest periods as promised and/or otherwise compensate them for missed rest periods in instances where employees were required to work through their rest break as alleged herein. Plaintiffs and other potential collective action members were routinely scheduled for six and eight hour shifts with no rest periods whatsoever, and failed to receive the promised compensation for their paid breaks.

42.     In violation of the FLSA, as alleged herein, Defendants have refused to perform their obligations to provide pharmacy technicians such as Plaintiffs with proper rest periods, and/or otherwise compensate Plaintiffs and similarly situated potential collective action members for missed rest periods. Such acts were committed knowingly and willfully, within the meaning of 29 U.S.C. § 255(a), with a conscious disregard for Plaintiffs' rights, and the rights of similarly situated potential collective action members,

13

under Federal wage and hour laws which acts have deprived Plaintiffs and potential collective action members of their property and legal rights.

43.     As a result of the aforementioned violations, Plaintiffs have suffered, and continue to suffer, substantial losses, wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendants to fully perform their obligation under Federal law, all to their respective damage in amounts according to proof at time of trial, but in amounts in excess of the minimum jurisdiction of this Court.

44.     Pursuant to the FLSA,  29 U.S.C. § 201 *et seq.*, and including, 29 U.S.C. § 216(b), Plaintiffs and collective action members who elect to opt-in are thus entitled to recover the unpaid balance of rest period pay and rest period penalties Defendants' owe Plaintiffs, plus interest, liquidated damages, attorneys' fees and costs of suit.

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as set forth hereinbelow.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as follows:

1.     For general damages in an amount within the jurisdictional limits of this court according to proof, and pursuant to the FLSA, 29 U.S.C. § 216(b);

2.     For liquidated damages, according to proof, and pursuant to the FLSA, 29 U.S.C. § 219(b);

3.     For interest;

4.     For costs of suit including and expenses incurred herein, pursuant to the FLSA, 29 U.S.C. § 216(b);

14

5.    For reasonable attorneys' fees pursuant to the FLSA; 29 U.S.C. § 216(b);

6.    For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request a jury trial on all issues so triable.

Dated: July *16*, 2007

ROSEN SWITKES & ENTIN P.L.
*Counsel for Plaintiffs*
407 Lincoln Road, PH SE
Miami Beach, FL 33139
Phone: (305) 534-4757
Fax:  (305) 538-5504

By: _____
    JOSHUA M. ENTIN, ESQ.
    Florida Bar No.: 0493724
    *jentin@rosenandswitkes.com*
    ROBERT L. SWITKES, ESQ.
    Florida Bar No.: 241059
    *rswitkes@rosenandswitkes.com*


THE LAW OFFICES OF SHAWN KHORRAMI
*Counsel for Plaintiffs*
c/o Rosen Switkes & Entin P.L.

By: _____
    SHAWN KHORRAMI, ESQ.
    seeking admission *Pro Hac Vice*
    *skhorrami@khorrami.com*
    MATT BAILEY, ESQ.
    seeking admission *Pro Hac Vice*
    *mbailey@khorrami.com*


KABATECK BROWN KELLNER LLP
*Counsel for Plaintiffs*
c/o Rosen Switkes & Entin P.L.

By: _____
    BRIAN KABATECK, ESQ.
    seeking admission *Pro Hac Vice*
    *bsk@kbklawyers.com*
    RICHARD L. KELLNER, ESQ.
    Florida Bar No.: 0034635
    seeking admission *Pro Hac Vice*
    *rlk@kbklawyers.com*

JUL-13-2007 FRI 01:32 PM cvs pharmacy #5769          FAX NO. 7088322949          P. 02

07/13/2007 08:47 FAX   1213 217 5020          KABATECK, ET AL.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO:**

ALEXIS KING, CHRISTINA KING,
TAMMY LOPEZ, SCOTT PROPHET
and DOMINIQUE RIZZO; individually
and on behalf of all other similarly
situated current and former employees,

Plaintiffs,

v.

CVS/CAREMARK CORP., CVS, INC.,
CVS, LLC., HOLIDAY CVS, LLC, and
DOES 1-100,

Defendants.

**PLAINTIFF, ALEXIS KING'S CONSENT TO BECOME PARTY PLAINTIFF IN A**
**COLLECTIVE ACTION UNDER 16(b) OF THE FAIR LABOR STANDARDS ACT, 29**
**USC § 216(b)**

I, Alexis King, the undersigned, a employee of the above named Defendants, hereby

consents to become a party Plaintiff in the above collective action lawsuit.

Dated this ___13___ day of July, 2007.

_Alexis M King_
Alexis King

— 1 —

EXHIBIT
"A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

ALEXIS KING, CHRISTINA KING,
TAMMY LOPEZ, SCOTT PROPHET and
DOMINIQUE RIZZO; individually and on
behalf of all other similarly situated current
and former employees,

        Plaintiffs,

        v.

CVS/CAREMARK CORP., CVS, INC.,
CVS, LLC.,  HOLIDAY CVS, LLC, and
DOES 1-100,

        Defendants.

**PLAINTIFF, CHRISTINA KING'S CONSENT TO BECOME PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER 16(b) OF THE FAIR LABOR STANDARDS ACT, 29 USC § 216(b)**

I, Christina King, the undersigned, a former employee of the above named Defendants, hereby

consents to become a party Plaintiff in the above collective action lawsuit.

Dated this _13_ day of July, 2007.


                                        Christina King

— i —

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

ALEXIS KING, CHRISTINA KING,
TAMMY LOPEZ, SCOTT PROPHET
and DOMINIQUE RIZZO; individually
and on behalf of all other similarly
situated current and former employees,

Plaintiffs,

v.

CVS/CAREMARK CORP., CVS, INC.,
CVS, LLC., HOLIDAY CVS, LLC, and
DOES 1-100,

Defendants.

**PLAINTIFF, TAMMY LOPEZ'S CONSENT TO BECOME PARTY PLAINTIFF IN A
COLLECTIVE ACTION UNDER 16(b) OF THE FAIR LABOR STANDARDS ACT, 29
USC § 216(b)**

I, Tammy Lopez, the undersigned, a employee of the above named Defendants, hereby

consents to become a party Plaintiff in the above collective action lawsuit.

Dated this ___/3___ day of July, 2007.


Tammy Lopez

— i —

1
2
3
4          UNITED STATES DISTRICT COURT
5          **SOUTHERN DISTRICT OF FLORIDA**
6                    **CASE NO:**
7

8   ALEXIS KING, CHRISTINA KING,
    TAMMY LOPEZ, SCOTT PROPHET
9   and DOMINIQUE PIZZO; individually
    and on behalf of all other similarly
10  situated current and former employees,

11              Plaintiffs,

12          v.

13  CVS/CAREMARK CORP., CVS, INC.,
    CVS, LLC., HOLIDAY CVS, LLC, and
14  DOES 1-100,

15

16              Defendants.

17

18  **PLAINTIFF, SCOTT PROPHET'S CONSENT TO BECOME PARTY PLAINTIFF IN A
    COLLECTIVE ACTION UNDER 16(b) OF THE FAIR LABOR STANDARDS ACT, 29**
19                    **USC § 216(b)**

20

21  I, Scott Prophet, the undersigned, a former employee of the above named Defendants,

22  hereby consents to become a party Plaintiff in the above collective action lawsuit.

23  Dated this _13_ day of July, 2007.

24

25

26                                        _Scott Prophet_ (signature)
                                          Scott Prophet
27

28

— i —

UNITED STATES DISTRICT COURT
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO:**

ALEXIS KING, CHRISTINA KING,
TAMMY LOPEZ, SCOTT PROPHET
and DOMINIQUE RIZZO; individually
and on behalf of all other similarly
situated current and former employees,

Plaintiffs,

v.

CVS/CAREMARK CORP., CVS, INC.,
CVS, LLC., HOLIDAY CVS, LLC, and
DOES 1-100,

Defendants.

**PLAINTIFF, DOMINIQUE RIZZO'S CONSENT TO BECOME PARTY PLAINTIFF IN A
COLLECTIVE ACTION UNDER 16(b) OF THE FAIR LABOR STANDARDS ACT, 29
USC § 216(b)**

I, Dominique Rizzo, the undersigned, a employee of the above named Defendants,

hereby consents to become a party Plaintiff in the above collective action lawsuit.

Dated this ___13___ day of July, 2007.

_____
Dominique Rizzo

— i —

44
ev. 12/96)

# CIVIL COVER SHEET

# 07-21824

e JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**a) PLAINTIFFS**

Alexis King, et al.

**DEFENDANTS**

CVS/Caremark Corp., CVS, Inc,
CVS,LLC., Holiday CVS, LLC and
Does 1-100

# CIV-GRAHAM

**b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Illinois
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Rosen Switkes & Entin, P.L. 534-4757
407 Lincoln Rd. PH SE . Miami Beach,

ATTORNEYS (IF KNOWN)

# MAGISTRATE JUDGE
O'SULLIVAN

CIRCLE COUNTY WHERE ACTION AROSE   DADE   MONROE,   BROWARD,   PALM BEACH,   MARTIN,   ST. LUCIE,   INDIAN RIVER,   OKEECHOBEE HIGHLANDS   (numerous)

**BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)

☐ U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

*Miami 07-CV-21824 ALB Brannan*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☑ Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ Transferred from 5 another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| 10 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| 20 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| 30 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | B☐ 430 Banks and Banking |
| 40 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| 50 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | A PROPERTY RIGHTS | ☐ 460 Deportation |
| 51 Medicare Act | | PERSONAL PROPERTY | B☐ 650 Airline Regs. | | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| 52 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 820 Copyrights | ☐ 810 Selective Service |
| 53 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 690 Other | ☐ 830 Patent | ☐ 850 Securities/Commodities/Exchange |
| 50 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | | ☐ 840 Trademark | ☐ 875 Customer Challenge 12 USC 3410 |
| 90 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | A LABOR | B SOCIAL SECURITY | ☐ 891 Agricultural Acts |
| 95 Contract Product Liability | ☐ 360 Other Personal Injury | | ☑ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| 10 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| 20 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| 30 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| 40 Torts to Land | ☐ 444 Welfare | B☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | |
| 45 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| 90 All Other Real Property | | B☐ 550 Civil Rights | | A☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| | | B☐ 555 Prison Condition | | | |

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Fair Labor Standards Act, 29 U,S,C, Section 201 et. seg.

TH OF TRIAL
☑ days estimated (for both sides to try entire case)

**REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   *Collective Action*   **DEMAND $**   CHECK YES only if demanded in complaint:   **JURY DEMAND:** ☑ YES ☐ NO

**I.RELATED CASE(S) IF ANY** (See instructions)   JUDGE _____   DOCKET NUMBER _____

TE

SIGNATURE OF ATTORNEY OF RECORD

I OFFICE USE ONLY                                    *350.00   963243   07/16/07*