## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO: 07-21824-CIV-GRAHAM/O'SULLIVAN

ALEXIS KING, CHRISTINA KING, TAMMY LOPEZ, SCOTT PROPHET and DOMINIQUE RIZZO; individually and on behalf of all other similarly situated current and former employees,

    Plaintiffs,

    v.

CVS/CAREMARK CORP., CVS, INC., CVS, LLC., HOLIDAY CVS, LLC, and DOES 1-100,

    Defendants.

---

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AS A COLLECTIVE ACTION AND ISSUANCE OF COURT SUPERVISED NOTICE

Plaintiffs, CHRISTINA KING, SCOTT PROPHET and DOMINIQUE RIZZO (collectively "Plaintiffs"), individually, and on behalf of all other similarly situated current and former employees of Defendants, CVS CAREMARK CORP., CVS PHARMACY, INC.[1], HOLIDAY CVS, LLC., and DOES 1-100 (collectively

---

[1] On or about August 6, 2007, Defendants filed their Answer and Affirmative Defenses (D.E. 12), and asserted the following: (1) CVS, Inc. was improperly named as a Defendant, as CVS, Inc. was not Plaintiffs' employer during the relevant timeframe (D.E. 12 at FN 1); (2) CVS, LLC was improperly named as a Defendant, as CVS, LLC was not Plaintiffs' employer during the relevant timeframe (D.E. 12 at FN 2); and CVS Caremark Corporation ("CVS CAREMARK") was improperly named as CVS/Caremark. (D.E. 12 at ¶14). Plaintiffs filed a Motion for Leave to Amend the Complaint on or about 08/15/2007, in which the named Plaintiffs sought to address the corporate naming deficiencies identified by Defendants in their Answer and Affirmative Defenses, to clarify the specific causes of action being asserted against Defendants, and to dismiss, without prejudice, Plaintiffs, Alexis King and Tammy Lopez as party plaintiffs in this matter. Specifically, Plaintiffs sought leave to amend the Complaint to include the following changes: (1) to remove CVS, Inc. as a Defendant in the present matter; (2) to remove CVS, LLC as a Defendant in the present matter; (3) rename CVS/Caremark Corp. to be named CVS

1

"Defendants"), throughout the United States, submit this Memorandum of Law in support of their Motion for Conditional Certification of This Action as a Collective Action pursuant to 29 U.S.C. § 216(b) and Issuance of Court Supervised Notice to all others similarly situated, and in support thereof state as follows:

## I.     <u>INTRODUCTION</u>

The named Plaintiffs are or were employed by Defendants as pharmacy technicians.  Each is a "non-exempt" employee under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 <u>et</u> <u>seq</u>. (hereinafter "FLSA").  (<u>See</u> U.S. Department of Labor Job Description attached as Exhibit "A").  The FLSA, adopted by Congress in 1938, requires that an employer subject to its provisions pay non-exempt employees the current minimum wage, as well as wages at one and one-half times the regular rate for all hours over 40 worked in a week.  29 U.S.C. §§ 206, 207.

Plaintiffs, while employed by Defendants, worked in excess of 40 hours during a work week.  (<u>See</u> Declaration of Plaintiff Christina King attached hereto as Exhibit "B", at ¶ 5; Declaration of Plaintiff Scott Prophet attached hereto as Exhibit "C", at ¶ 5; and Declaration of Plaintiff Dominique Rizzo attached hereto as Exhibit "D", at ¶ 4).  (These Declarations will be referred to collectively as the "Declarations" or "Plaintiffs' Declarations").

As will be discussed in more detail below, the Complaint, Proposed Amended

---

Caremark Corp.; (4) to include CVS Pharmacy, Inc. ("CVS Pharmacy") as a Defendant in the present matter; (5) to withdraw the Third Cause of Action for Failure to Provide Rest Breaks from the Complaint; and (6) as a result of Plaintiffs' withdrawal of their Third Cause of Action, and because Plaintiffs, Alexis King and Tammy Lopez are not proceeding with a claim for unpaid wages and overtime wages, for leave to dismiss, without prejudice, Plaintiffs, Alexis King and Tammy Lopez as party plaintiffs in this matter.  (D.E. 24).  Plaintiffs' Motion for Leave to Amend the Complaint remains pending before the Court, and Defendants filed a response stating they had no objection to the Motion for Leave to Amend the Complaint.  (D.E. 28).

Complaint, Plaintiffs' Declarations and the named Plaintiffs' notices of consent to join in this matter as class representatives ("Notices of Consent")[2] provide more than sufficient proof of similarity of claims to permit conditional class certification of this action. As alleged and supported by the Plaintiffs' Declarations, Defendants have failed to pay Plaintiffs and other similarly situated employees overtime compensation required by the FLSA. In addition, Defendants have engaged in the practice of requiring non-exempt pharmacy technicians to work "off the clock" and have engaged in the practice of failing to compensate non-exempt pharmacy technicians for time actually worked during lunch periods. (See Declarations, Exhibit "B", at ¶¶ 5 & 7; Exhibit "C", at ¶¶ 5 & 7; and Exhibit "D", at ¶¶ 5 & 7).

As a result of Defendants' failure to comply with the FLSA, Plaintiffs filed this action to enforce their rights and the rights of others similarly situated. As authorized by the FLSA, Plaintiffs now move this Court to conditionally certify this action as a collective action pursuant to 29 U.S.C. § 216(b) to provide those similarly situated with notice and the opportunity to "opt-in" to this action to seek similar redress. A central purpose of the FLSA is to allow employees – whose claims may not be identical in amount but arise out of similar employer practices – to be represented and adjudicated in one lawsuit, regardless of the fact that they are separate and independent of each other. Shain v. Armour & Co., 40 F. Supp. 488, 490 (W.D. Ky. 1941). Collective action treatment under Section 216(b) emphasizes a policy in favor of judicial economy by which "the judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." See Hoffman-LaRoche, Inc. v. Sperling, 493 U.S. 165, 170 (1989).

---

[2] The Notices of Consent are attached hereto as Exhibit "E".

In seeking conditional certification, Plaintiffs demonstrate below that Defendants have a pattern and practice of systematically under-calculating hours worked by Plaintiffs, and those similarly situated, thereby depriving them of compensation they have earned and which the FLSA requires they be paid. Plaintiffs further demonstrate that Defendants have a pattern and practice of requiring "off the clock" work, as well as a pattern and practice of failing to compensate employees for time worked during lunch periods. (See Declarations, Exhibit "B", at ¶¶ 5, 6 & 7; Exhibit "C", at ¶¶ 5, 6 & 7; and Exhibit "D", at ¶¶ 5, 6 & 7). Any employee of Defendants who is "similarly situated" to Plaintiffs (i.e., any non-exempt current or former pharmacy technician employee of Defendants owed back wages) is entitled to "opt-in" to this lawsuit pursuant to Section 216(b) of the FLSA. As demonstrated below, the proof submitted in support of this Motion is substantially the same as that proffered in Carmody v. Fla. Ctr. for Recovery, No. 05-14295, 2006 U.S. Dist. LEXIS 81640 (S.D. Fla. Nov. 7, 2006), where conditional certification was granted.

For the reasons stated herein, conditional class certification is appropriate to allow all of those whose claims may not be identical in amount but arise out of the similar nature of their employment by Defendants and Defendants' failure to properly compensate them for the number of hours actually worked.

## II.   ARGUMENT AND CITATION OF AUTHORITIES

### A.   PLAINTIFFS ARE "NON-EXEMPT" EMPLOYEES UNDER THE FLSA, ENTITLING THEM TO WAGES AT ONE AND ONE-HALF TIMES THE REGULAR RATE FOR ALL HOURS OVER 40 (FORTY) WORKED IN A WEEK.

The named Plaintiffs are or were employed by Defendants as pharmacy technicians, and each is a "non-exempt" employee under the provisions of the FLSA.

Employers are exempt from the overtime requirement as to "any employee employed in a bona fide executive, administrative, or professional capacity."   29 U.S.C. § 213(a)(1) (1965 & Supp.1994).   In order to be classified as exempt under this provision, and therefore, not entitled to overtime compensation, an employee must be paid on a salary basis.  See 29 C.F.R. § 541.1(f) (1993).  An employee will be considered to be paid "on a salary basis" within the meaning of the applicable regulations if under his or her employment agreement he or she regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his or her compensation.  See 29 C.F.R. § 541.118(a) (1993).  Such status is further evidenced when the predetermined payment amount is not subject to reduction because of variations in the quality or quantity of the work performed.  Id.; see also Fife v. Harmon, 171 F.3d 1173, 1175-76 (8th Cir.1999) (reversing the lower court's finding plaintiffs were non-exempt employees under the FLSA on the basis that they received a predetermined amount of pay each period which was not subject to reduction).

Plaintiffs received compensation solely on the basis of the number of hours worked for Defendants, and therefore, were not paid "on a salary basis" as required by the applicable regulations in order for the Section 213(a)(1) exemption to apply. Additionally, Plaintiffs were not employed by Defendants in a bona fide executive, administrative, or professional capacity.  In fact, Defendants themselves identify their pharmacy technicians as "nonexempt" under the FLSA on the CVS Pharmacy Job Description section located on the U.S. Department of Labor website.  (See U.S. Department of Labor Job Description attached as Exhibit "A").  Consequently, it is indisputable that Plaintiffs, and the other CVS pharmacy technicians are not exempt

under the FLSA, and each is entitled to wages at one and one-half times the regular rate for all hours over 40 worked in a week.

**B.    THE DIFFERENCES BETWEEN FEDERAL RULE OF CIVIL PROCEDURE 23 AND 29 U.S.C. § 216(b).**

In most federal class actions, the issues of joinder and notice to potential class members are governed by Federal Rule of Civil Procedure 23.  Collective actions under the FLSA, however, do not proceed under Rule 23 but, instead, are governed by 29 U.S.C. § 216(b).  There are several fundamental differences between a Rule 23 class action and a collective action under Section 216(b).  First, the standard for grant of a collective action under Section 216(b) is far less stringent than under Rule 23 for class certification.  Second, under Section 216(b), members of the class must affirmatively "opt-in" to a civil action, while in a Rule 23 class action each person within the class description is presumed a member of the class and is therefore bound by the judgment unless the person "opts out" of the suit.  See LaChapelle v. Owens-Illinois, Inc., 513 F.2d 286, 288 (5th Cir. 1975).  Third, unlike Rule 23 class actions, "'collective actions' … are not subject to numerosity, commonality, and typicality requirements …."  See Dees v. RSight, Inc., 2006 U.S. Dist. LEXIS 79501, at *3-4 (W.D. Fla. 2006) (citing Cameron-Grant v. Maxim HealthCare Services, Inc., 347 F.3d 1240, 1248-49 (11th Cir. 2003).

Section 216(b) provides, in pertinent part, that:

> Any employer who violates [the minimum wage or maximum hours provisions of this title] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages . . . An action to recover the liability . . . may be maintained . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or

> themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

Thus, Section 216(b) of the FLSA authorizes employees to bring collective actions "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Id. Unlike a class action under Rule 23, however, no person can become a party plaintiff under the FLSA unless that person affirmatively "opts into" the action by giving written, filed consent. Id.

Accordingly, Plaintiffs move this Court to certify the instant action as a collective action pursuant to 29 U.S.C. § 216(b) to provide those similarly situated with notice and the opportunity to "opt-in" to this action to seek similar redress

**C.    A COLLECTIVE ACTION IS APPROPRIATE PURSUANT TO THE ELEVENTH CIRCUIT'S TWO-STEP PROCESS IN DETERMINING WHETHER A MATTER MAY PROCEED AS A COLLECTIVE ACTION.**

The Eleventh Circuit recommends a two-step process in analyzing whether a collective action may proceed pursuant to Section 216(b). See Hipp v. Liberty Nat'l. Life Ins. Co., 252 F.3d 1208, 1219 (11th Cir. 2001).[3] First, during the notice stage, the plaintiff requests that the court conditionally certify a collective action and authorize the issuance of notice of the lawsuit to other potential plaintiffs.[4] Id. at 1217-19. This

---

[3] Numerous district courts within the Eleventh Circuit and other circuits utilize this two-tiered analysis. See, e.g., Smith v. Tradesmen Intern., Inc., 289 F. Supp. 2d 1369, 1371 (S.D. Fla. 2003); Garner v. G.D. Searle Pharm. & Co., 802 F. Supp. 418 (M.D. Ala. 1991); Shushan v. University of Colorado, 132 F.R.D. 263 (D. Colo. 1990).

[4] District courts have the authority to authorize the sending of notice to potential class members in a collective action brought pursuant to Section 216(b). See Hoffman, 493 U.S. at 165 (involving notice of a collective action under the ADEA, which expressly adopts Section 216(b) of the FLSA); Dybach v. State of Fla. Dept. of Corrections, 942 F.2d 1562, 1567 (11th Cir. 1991)

decision is typically based upon the pleadings and any affidavits submitted by the plaintiffs. Id. at 1219. The Eleventh Circuit establishes that the plaintiff's burden at this stage is "not heavy." Id. As a result, such a motion "typically" results in conditional class certification. Id. at 1218 (citing Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213-14 (5th Cir. 1995)).

To authorize a collective action a plaintiff must show the potential plaintiffs whom they seek to represent are similarly situated by showing "only that their positions are similar, not identical, to the positions held by the putative class members." Hipp, 252 F.3d at 1217 (quoting Grayson v. K Mart Corp., 79 F.3d at 1096 (11th Cir. 1996)). "[T]he district court applies a lenient standard of proof [in determining whether the similarly situated requirement is met] and, if satisfied, grants conditional certification allowing notice and the opportunity to opt-in." Smith, 289 F. Supp. 2d at 1371; Cameron-Grant v. Maxim Healthcare Services, Inc., 347 F.3d 1240, 1243 (11th Cir. 2003) (stating the stage one determination is generally "made using a fairly lenient standard" because "the court has minimal evidence"). Plaintiffs may satisfy this minimal burden "by making substantial allegations of class-wide discrimination" supported by affidavits. Hipp, 252 F.3d at 1219. Moreover, a "unified policy, plan, or scheme" is not required to satisfy the "fairly lenient standard." Id. See also, Grayson, 79 F.3d at 1095-97.

In evaluating the sufficiency of the Plaintiffs' proof on the first step, it is improper for the Court to "indulge in a fact finding determination on the merits of whether the alleged payment practices took place and whether the putative plaintiffs conclusively are

---

(finding a district court is deemed to have the power to give notice to other potential members of the plaintiff class of the right to "opt-in").

similarly situated" as "[n]either of these determinations are proper at this point; the Plaintiff's complaint, motion, and supporting affidavits all allege facts sufficient to satisfy the Court's inquiry at this early stage of the litigation."  <u>See</u> <u>Carmody</u>, 2006 U.S. Dist. LEXIS 81640, at *10.

The second step occurs after potential plaintiffs have filed consents to opt into the lawsuit, and discovery regarding the various allegations of the potential class members has taken place.  <u>Hipp</u>, 252 F.3d at 1218.  The defendant initiates the second phase by filing a motion for decertification.  <u>Id.</u>  At this later stage, the court has access to more information on which to base its determination whether the named plaintiffs are similarly situated to those they seek to represent.[5]  <u>Id.</u>  At that time, the court will generally determine whether the case should proceed as a collective action or be severed into separate lawsuits.  <u>Id.</u>

> **a.      Plaintiffs Are "Similarly Situated" To Those Potential Plaintiffs Whom They Seek To Represent.**

In the instant matter, Plaintiffs easily meet their minimal burden through the allegations in their Complaint, their individual opt-in notices, and declarations (submitted herewith) – all of which demonstrate that they are "similarly situated" to those potential plaintiffs whom they seek to represent in terms of their job functions, as well as Defendants' payroll practices during the three-year period prior to July 16, 2007.  In fact, this case fits squarely within the Court's opinion in <u>Carmody</u> wherein the Court held that the "[p]laintiff's evidence, consisting of the Complaint, Party Plaintiff notices, and sworn affidavits are sufficient to satisfy the first tier analysis articulated in <u>Hipp</u> and warrant a

---

[5] The second stage is not relevant at this time other than to show that Defendants will have the opportunity to challenge the conditional class certification after discovery is completed.

conditional certification of a representative class." See Carmody, 2006 U.S. Dist. LEXIS 81640, at *10-11.

In Carmody, which alleged a materially identical payroll practice as alleged here, the Court reasoned that the supporting affidavits from three plaintiffs that had opted-in to the action were sufficient to establish the plaintiff's prima facie burden of proof regarding the existence of a common payroll practice. Id. at *10 (reasoning that "[t]he Plaintiff and three opt-in Plaintiffs all allege in their affidavits that Defendant failed to pay non-exempt employees for overtime pay and pursued a policy of deducting thirty minutes from lunch irrespective of whether the employee actually took a lunch break" and that "[a]ll uniformly allege personal violations consistent with these policies."). The Court further reasoned that such affidavits, which "emphatically address[ed] the existence of other non-exempt employees at the Center that would opt-in if given the opportunity" and "[t]he filing of three opt-in notices provides strong evidence that others desire to join the class." Carmody, 2006 U.S. Dist. LEXIS 81640, at *10-11. The Court finally reasoned that "the putative plaintiffs are similar in that they are all non-exempt employees working at the Center, performing similar tasks, and suffering from the same alleged payment practices." Id.

The facts of Carmody are directly analogous to the facts involved in the instant matter, and therefore, the allegations of the Complaint, the Proposed Amended Complaint, Declarations of the three (3) named Plaintiffs', and the Notices of Consent satisfy the Plaintiffs' minimal burden under the "fairly lenient" standard established by the Eleventh Circuit.

1.   <u>Plaintiffs Are Similarly Situated In Terms Of Defendants' Payroll Practices.</u>

Like <u>Carmody</u>, Plaintiffs have made the required "substantial allegations" of common unlawful class-wide payroll policies in the Complaint and the Proposed Amended Complaint, which are supported by the Plaintiffs' Declarations.

Specifically, Plaintiffs' Complaint uniformly alleges that Defendants deprived pharmacy technician employees of compensation to which they were entitled through practices, decisions or plans, which includes the failure to compensate pharmacy technicians for working through their lunch breaks, and the failure to compensate pharmacy technicians for performing "off the clock" work.  (<u>See</u> Complaint, at ¶¶ 18 & 22-25; and Proposed Amended Complaint, at ¶¶ 16 -17 & 20-23).  It is well established that an employer violates the FLSA by failing to compensate employees for work performed during a designated meal period,[6] and for work performed off the clock.[7]

Moreover, Plaintiffs are each personally aware of Defendants' pattern and practice of requiring "off the clock" work, as well as Defendants' pattern and practice of failing to compensate other similarly situated pharmacy technicians for the time they actually worked during lunch periods.  (<u>See</u> Declarations, Exhibit "B", at ¶ 7; Exhibit "C", at ¶ 7; and Exhibit "D", at ¶ 7).  Plaintiffs uniformly allege in their supporting Declarations that they were required to work through their lunch breaks and run errands

---

[6] <u>See</u> <u>e.g.</u> <u>F. W. Stock & Sons, Inc. v. Thompson</u>, 194 F.2d 493, 496-497 (6th Cir. 1952) ("Time spent predominantly for the employer's benefit during a period, although designated as a lunch period or under any other designation, nevertheless constitutes working time compensable under the provisions of the Fair Labor Standards Act.").

[7] <u>See</u> <u>Steiner v. Mitchell</u>, 350 U.S. 247, 256 (1956) ("[A]ctivities performed either before or after the regular work shift, on or off the production line, are compensable under the portal-to-portal provisions of the Fair Labor Standards Act if those activities are an integral and indispensable part of the principal activities for which covered workmen are employed and are not specifically excluded by Section 4(a)(1).").

for the benefit of Defendants "off the clock," amounting to approximately 15 minutes to 45 minutes on each occasion, all of which was compensable but unpaid.  (See Declarations, Exhibit "B", at ¶ 4; Exhibit "C", at ¶ 5; and Exhibit "D", at ¶ 4).  Further, according to the Plaintiffs' Declarations, each of the named Plaintiffs worked past his/her scheduled shift on multiple occasions.  (See Declarations, Exhibit "B", at ¶ 4; Exhibit "C", at ¶ 5; and Exhibit "D", at ¶ 4).  The Declarations of Plaintiffs also make clear that Plaintiffs worked "off the clock", without compensation or reimbursement of any kind, in excess of their 40 hour work week.  (See Declarations, Exhibit "B", at ¶ 4; Exhibit "C", at ¶ 4; Exhibit "D", at ¶ 3).  Significantly, all of the alleged  violations took place during the same three-year period preceding initiation of this action, and involve the identical payroll policies and the same failures to comply with the FLSA.

In short, that multiple Plaintiffs who worked at different CVS locations have opted into this action based on identical allegations of wrongdoing is not only sufficient prima facie evidence that common payroll policies are employed by Defendants, it is evidence that other similarly employees would likely join this action if provided notice. Thus, as in Carmody, there is a legitimate evidentiary basis to designate this matter as a collective action on the basis of the uniform allegations made by Plaintiffs in the Complaint, the Proposed Amended Complaint, Plaintiffs' Declarations and the Notices of Consent.  See also Guerra v. Big Johnson Concrete Pumping, Inc., NO. 05-14237, 2006 U.S. Dist. LEXIS 58484, at *9-12 (D. Fla. 2006) (granting the plaintiff's motion for conditional class certification on the basis of the filing of an "affidavit of at least one other co-worker [who] desires to join the suit, thereby raiding the plaintiff's contention beyond one of pure speculation").

2.    <u>Plaintiffs Are Similarly Situated In Terms Of The Job Duties Of A Pharmacy Technician Employed By Defendants.</u>

Plaintiffs are similarly situated to all non-exempt pharmacy technician employees of Defendants in terms of their job functions, as well as Defendants' uniform hiring process with respect to pharmacy technicians nation-wide.  (<u>See</u> U.S. Department of Labor Job Description, Exhibit "A").

The essential functions of a CVS pharmacy technician employed by Defendants, according to the U.S. Department of Labor Job Description, include the following specific duties: greeting each customer using the "eye's, hi's and help"; obtaining information for new prescriptions presented in person; assisting customers with their questions, problems and complaints; operating the cash register; following company policies and procedures; answering the telephone to obtain proper information for refills and to answer any customer questions; referring all doctor's calls and customer's medical questions to a Pharmacist; retrieving and filing pharmacy prescriptions in the appropriate files; accessing, inputting and retrieving information from the computer; retrieving, counting and measuring drugs (except CIIS); capping and uncapping vials and bottles; assisting Pharmacists in checking in, pricing and putting away drug orders (except CII); assisting Pharmacists with all third-party transactions; maintaining the Pharmacy Department; maintaining inventory levels by following defined ordering procedures; utilizing drug usage reports to adjust shelf order bases; pulling outdated, damaged and recalled merchandise and preparing for return; completing third-party rejections; and maintaining customer/patient confidentiality.  (<u>See</u> U.S. Department of Labor Job Description, Exhibit "A").

The marginal functions of a CVS pharmacy technician, according to information provided by Defendants to the U.S. Department of Labor, include: assisting front store personnel when needed; translating SIG codes; completing pharmacy paperwork including Key Recs; and maintaining daily and weekly reports.  (See U.S. Department of Labor Job Description, Exhibit "A").

In addition, Defendants' process of hiring pharmacy technicians nation-wide is uniformly applied.  The U.S. Department of Labor website offers a link which directs a prospective CVS pharmacy technician applicant to Defendants' "Pharmacy Career" webpage.  (See CVS Pharmacy Careers Website attached hereto as Exhibit "F").  On this website, CVS Caremark asserts, "CVS Caremark is the nation's premier integrated pharmacy services provider, combining one of the nation's leading pharmaceutical services companies with the country's largest pharmacy chain."  (See Exhibit "F").  CVS Caremark further asserts, "CVS/Pharmacy is the nation's largest retail pharmacy chain, with approximately 6,200 stores across 38 states."  (See Exhibit "F").   The CVS Caremark webpage provides that "[p]harmacy technicians are given a variety of educational opportunities, combined with continuous communication from Technician Trainers, to keep their skills up to date" and "[p]harmacy . . . [t]echnicians work in the role of prescription filling and customer service, allowing pharmacists to concentrate on drug-utilization reviews, patient profiles, and patient counseling."  (See Exhibit "F").   A pharmacy technician applicant may apply for the position at any of the 6,200 stores nation-wide, which are owned and operated by Defendants by filling out an online application, or by visiting the store directly and filling out a paper application.  (See Exhibit "F").  In addition to their Declarations, Notices of Consent and allegations in the

pleadings, Defendants' own representations on their website and to the U.S. Department of Labor demonstrate Plaintiffs are similarly situated in terms of their job functions to those potential plaintiffs whom they seek to represent, and whom may desire to opt-in to this lawsuit.

Plaintiffs are similarly situated to all other pharmacy technicians in terms of their specific job duties, which are functionally similar, as further exemplified by Defendants' uniform hiring procedures. While Defendants' non-exempt pharmacy technician employees may not receive identical hourly wages, this does not bar a collective action among the employees who perform the same or similar functions of a pharmacy technician, as this issue goes to damages, not Defendants' liability. Regardless of the hourly wage at which the pharmacy technician is paid, Defendants' non-exempt pharmacy technician employees perform comparable work and are similarly situated to Plaintiffs in that regard. Indeed, it is hard to imagine that a pharmacy technician, who works for the same company and performs the same job functions, regardless of his/her individual hourly wage, is not similarly situated to other pharmacy technicians with regard to their job duties and Defendants' uniform hiring procedures.

In sum, the required "similarity" is satisfied in that Plaintiffs work and/or worked for Defendants in non-exempt pharmacy technician positions performing the same or similar job functions, are/were subject to the same common methodology concerning payroll practices and are/were not paid overtime compensation in accordance with the FLSA. See Bradford v. Bed Bath & Beyond, Inc., 184 F. Supp. 2d 1342, 1351 (N.D. Ga. 2002) (finding plaintiffs were similarly situated with regard to employment setting and job duties, and a collective action was appropriate). As the named Plaintiffs all work for

Defendants' stores nationwide and are subject to the same payroll policies, practices and procedures, class certification is appropriate in this instance.

Further, and while not required, there is evidence in this matter, even at this preliminary stage, to support the conclusion that Defendants have a widespread pattern or practice of under-calculating hours worked, resulting in systematic underpayment of wages, as well as requiring unpaid or improperly paid "off the clock" work. Specifically, Plaintiffs' Declarations uniformly establish each of the Plaintiffs is personally aware of other similarly-situated current and former employees of Defendants that are currently having, or have had, similar inability to obtain compensation for time worked in excess of 40 hours per week. (See Declarations, Exhibit "B", at ¶ 6; Exhibit "C", at ¶ 6; and Exhibit "D", at ¶ 6). Plaintiffs' Declarations establish each of the Plaintiffs is personally aware of Defendants' pattern and practice of requiring "off the clock" work, as well as a pattern and practice of failing to compensate other similarly situated employees of Defendants for the time actually worked during lunch breaks. (See Declarations, "B", at ¶ 7; Exhibit "C", at ¶ 7; and Exhibit "D", at ¶ 7). As such, the named Plaintiffs are similarly situated to Defendants' other non-exempt pharmacy technician employees for purposes of conditional class certification. As Plaintiffs are similarly situated to those potential plaintiffs whom they seek to represent in terms of their job functions, as well as Defendants' payroll practices, a collective action is appropriate in this instance.

For the reasons stated herein, Plaintiffs respectfully request this Court grant Plaintiffs' Motion for Conditional Certification and Issuance of Court Supervised Notice to All Others Similarly Situated, establish guidelines for the Defendants to produce a list of the names and most current addresses of all current and former non-exempt employees

employed as pharmacy technicians from July 16, 2004 to present, and establish an opt-in period of ninety (90) days from the date of mailing of the notice to prospective plaintiffs to file consents to become party plaintiffs with the Court.[8]

WHEREFORE, Plaintiffs request this Honorable Court enter an Order:  (1) granting Plaintiffs' Motion for Conditional Certification and Issuance of Court Supervised Notice to All Others Similarly Situated; (2) establishing guidelines for the Defendants to produce a list of the names and most current addresses of all current and former non-exempt employees employed as pharmacy technicians from July 16, 2004 to present; (3) establishing an opt-in period of ninety (90) days from the date of mailing of the notice to prospective plaintiffs to file consents to become party plaintiffs with the Court; and (4) granting any other such further relief this Honorable Court deems equitable and just.

---

[8] The FLSA establishes a three-year limitations period for willful violations.  29 U.S.C. § 255(a).  Plaintiffs have alleged in their Complaint that Defendants' violations of the FLSA are willful. (See Complaint).  The preliminary evidence discussed herein sufficiently supports that allegation to authorize the initial application of a three-year limitations period for purposes of providing notice.

**Respectfully submitted** this <u>10th</u> day of September, 2007.

<div style="margin-left:40%">

<u>s/ Joshua M. Entin</u>
Florida Bar No.: 0493724
*jentin@rosenandswitkes.com*
ROSEN SWITKES & ENTIN P.L.
407 Lincoln Road, PH SE
Miami Beach, FL 33139
Phone: (305) 534-4757
Fax:  (305) 538-5504

**Shawn Khorrami, Esq.**
**Matt Bailey, Esq**.
KHORRAMI POLLARD & ABIR, LLP
**Brian Kabateck, Esq**.
**Richard Kellner, Esq**.
KABATECK BROWN KELLNER LLP.

*Attorneys for Plaintiffs*

</div>

## LOCAL RULE 7.1.A.3 CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that Joshua M. Entin, Esq., counsel for Plaintiffs, has conferred with Beth A. Moeller, Esq., counsel for Defendants, concerning the subject matter of the instant Motion, and Defendants have stated they oppose the relief sought in the instant motion.

**  /S/  Joshua M. Entin**

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on this <u>10th</u> day of September, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**Respectfully submitted,**

**ROSEN SWITKES & ENTIN P.L**
**407 Lincoln Road, PH SE**
**Miami Beach, FL 33139**
**Telephone: (305) 534-4757**
**Fax: (305) 538-5504**

 <u>**/S/  Joshua M. Entin**</u>
**Joshua M. Entin**
**Florida Bar No.: 0493724**
*Attorneys for Plaintiffs*

<u>**SERVICE LIST**</u>
<u>**Alexis King, et al. v. CVS/Caremark Corp., et al.**</u>
**Case No. 07-21824-CIV-GRAHAM/O'SULLIVAN**
**United States District Court, Southern District of Florida**

**Christopher P. Hammon**
Ogletree Deakins Nash Smoak & Stewart PC
701 Brickell Avenue
Suite 2020
Miami, FL 33131
Phone: 305-455-3711
Fax: 374-0456
Email: chris.hammon@ogletreedeakins.com

**David M. Demaio**
Ogletree Deakins Nash Smoak & Stewart PC
701 Brickell Avenue
Suite 2020
Miami, FL 33131
Phone: 305-455-3711
Fax: 374-0456

**Nancy E. Rafuse**
Ashe, Rafuse & Hill, LLP
1355 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
Phone: 404-253-6000
Fax: 404-6060

**James J. Swartz**
Ashe, Rafuse & Hill, LLP
1355 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
Phone: 404-253-6000
Fax: 404-6060

**Beth A. Moeller**
Ashe, Rafuse & Hill, LLP
1355 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
Phone: 404-253-6000
Fax: 404-6060