UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 07-21824-CIV-GRAHAM/O'SULLIVAN

ALEXIS KING, et al.,

    Plaintiffs,

vs.

CVS/CAREMARK CORP., et al.,

    Defendants.

_____/

## ORDER

**THIS CAUSE** comes before the Court upon Plaintiffs' Motion for Conditional Certification as a Collective Action and Issuance of Court Supervised Notice (D.E. 32) (hereinafter "Plaintiffs' Motion for Conditional Certification") and Defendants' Motion to Compel Acceptance of Their Rule 68 Offer of Judgment and to Dismiss This Case For Lack of Subject Matter Jurisdiction and Memorandum of Law in Support Thereof (D.E. 47) (hereinafter "Defendants' Motion to Dismiss").[1]

**THE COURT** has considered the Motions, the pertinent portions of the record, and is otherwise duly advised in the premises.

---

[1] The Court herein also addresses (i) Defendants' Motion for Summary Judgment (D.E. 78); (ii) Defendants' Objections to, or in the Alternative, Motion to Strike Plaintiffs' Supplemental Filings in Support of the Motion for Conditional Certification (D.E. 81); and (iii) Plaintiffs' Motion to Extend the Deadline for Filing Pretrial Motions and Memoranda of Law (D.E. 85).

## I. BACKGROUND

This case involves claims for unpaid overtime wages pursuant to the Fair Labor Standard Act, 29 U.S.C. § 201, *et seq*, ("FLSA"). Plaintiffs brought the action on behalf of pharmacy technicians employed and formerly employed by Defendants[2] to recover, among other things, unpaid overtime wages, compensation for lunch, compensation for work performed before and after scheduled workdays, and remedies for violations of the FLSA, including interest, liquidated damages, attorneys' fees and costs. (Am. Compl. ¶ 4.)[3]

Plaintiffs request conditional certification as a collective action asserting that they commenced the action to enforce their individual rights and "the rights of others similarly situated as authorized under the FLSA." (Mem. of Law in Supp. of Pls.' Mot. Cond. Cert. 3.) Defendants oppose certification of the collective action on numerous grounds (Defs.' Resp. Opp. to Pls. Mot. Cond. Cert., D.E. 50, hereinafter "Defs.' Opp."). While Plaintiffs' Motion for Conditional Certification was pending, Defendants filed a motion to compel acceptance of their Rule 68 offer of judgment

---

[2] Defendants are the corporate entities behind "CVS", the well-known pharmacy retailer. CVS retail stores operate in 38 different states and constitute the nations' largest pharmacy retailer. (*See* A. Renee Hay Aff. filed in support of Defs.' Opp., at D.E. 50.)

[3] The relevant factual allegations are derived from the amended Complaint (an exhibit within D.E. 24), which is deemed the operative Complaint based on the Court granting Plaintiffs' motions to amend.

and to dismiss this action for lack of subject matter jurisdiction (D.E. 47.)   Because the Court finds that the issues surrounding subject matter jurisdiction are of primary importance, the Court addresses Defendants' motion first.   Plaintiffs' Motion for Conditional Certification is addressed second.  Related matters are also addressed herein as appropriate.

## II.   DISCUSSION

### A.   Subject Matter Jurisdiction

1. *Standard*

Federal Rule of Civil Procedure 12(b)(1) allows dismissal of an action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  In this Circuit, motions to dismiss under 12(b)(1) fall into two categories: facial[4] and factual.  *Morrison* 323 F.3d at 925 n.5.  Relevant in this case is a factual attack that relies on evidence outside the pleadings where a court may consider extrinsic evidence.   *Id*.   Accordingly, the Court reviews the record and procedural history in ruling on Defendants' Motion to Dismiss.

2.   *Analysis*

The Constitution limits the jurisdiction of the federal courts.  Specifically, Article III, section 2, provides that the judicial power of the federal courts shall extend only to "cases" and "controversies".  *National Advert. Co. v. City of Miami*, 402

---

[4] Facial attacks are based on the allegations in the complaint. *Morrison v. Amway Corp.* 323 F.3d 920, 925 n.5 (11th Cir. 2003) (citations omitted).

3

F.3d 1329, 1332 (11th Cir. 2005) (internal citations omitted); *Cameron-Grant v. Maxim Healthcare Servs.*, 347 F.3d 1240, 1245 (11th Cir. 2003) ("a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."). In the analysis, mootness is among the important limitations placed on the power of the federal judiciary. *National Adv. Co.*, 402 F.3d at 1332. By its very nature, a moot suit "cannot present an Article III case or controversy and the federal courts lack subject matter jurisdiction to entertain it." *Id.* (internal citations omitted).

Defendants in this case maintain that there is no longer a "live" dispute between Defendants and the remaining named Plaintiff Scott Prophet because Defendants made Plaintiff Prophet an offer of judgment under Federal Rule of Civil Procedure 68 that, effectively, provided Prophet complete relief and mooted his cause of action.[5] (Defs.' Mot. Dismiss 4-5.) Defendants also contend that the mooting of Plaintiff Prophet's claims results in mooting

---

[5] Plaintiff Prophet was the sole remaining Plaintiff because Plaintiffs Christina King and Dominique Rizzo accepted the Defendants' offer of judgment. (*See* D.E.s 43 and 44.) Thereafter, Plaintiffs made a motion to amend the Complaint to add in two opt-in persons as named Plaintiffs (D.E. 57.) The Court grants Plaintiffs' motion to amend the Complaint by separate order and, therefore, Defendants' motion is technically no longer proper on the amended complaint. Nevertheless, the Court considers Defendants' jurisdictional challenge because amendment of the Complaint does not wholly dispose of the issue.

4

of the entire collective action.   (Defs.' Mot. Dismiss 5.)[6]

Federal Rule of Civil Procedure 68 provides, in relevant part, that at any time more than 10 days before the trial begins, a defendant may serve upon a plaintiff an offer to allow judgment to be taken against the defendant for money with cost then accrued. Fed. R. Civ. P. 68.   An offer of judgment under Rule 68 may eliminate a legal dispute upon which federal jurisdiction can be based and render the action moot.   *See Greisz v. Household Bank (Ill.), N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999).   Significantly, however, courts are split as to the impact of a Rule 68 offer of judgment in FLSA cases.[7]   *Compare Mackenzie v. Kindred Hosps. East LLC*, 276 F. Supp. 2d 1211 (M.D. Fla. 2003) (holding that defendants' offer of judgment rendered case moot even though plaintiff did not accept offer) *and Vogel v. American Kiosk Mngm't*, 371 F. Supp. 2d 122, 128 (D. Conn. 2005) (concluding that offer of judgment mooted individual claims as well as FLSA collective action) *with Reyes v. Carnival Corp.*, 2005 U.S. Dist. LEXIS 11948, *9 (S.D. Fla. 2005) (denying motion to dismiss noting that offers

---

[6] Defendants maintain that the action is moot even though Plaintiff Prophet did not accept Defendants' Rule 68 Offer of Judgment. (Defs.' Mot. Dismiss 5.)

[7] The Eleventh Circuit has not addressed the precise issue.   In *Cameron-Grant v. Maxim Healthcare Services*, 347 F.3d 1240 (11th Cir. 2003), however, the appellate court did generally discuss mootness of an FLSA action where the named plaintiffs had agreed to a settlement.   *Cameron-Grant*, 347 F.3d at 1246.   Significantly, in this case, Plaintiffs have not all agreed to settle their claims. Therefore, *Cameron-Grant* does not resolve the issue herein.

of judgment in FLSA cases violate the very polices behind the FLSA) *and Geer v. Challenge Fin. Inves. Corp.*, 2006 U.S. Dist. LEXIS 10903, *10 (D. Kan. 2006) (finding troubling the procedural loop that Rule 68 creates for FLSA plaintiffs).

On the one hand, Rule 68 is not prohibited in FLSA cases.[8] *See, e.g., Arencibia v. Miami Shoes, Inc.*, 113 F.3d 1212, 1214 (11th Cir. 1997) (generally discussing a Rule 68 offer of judgment in FLSA action where the issue of costs was on appeal); *Mackenzie*, 276 F. Supp. 2d at 1216 ("Rule 68 [] contains no exclusion that precludes its application in a FLSA case"); *Vogel*, 371 F. Supp. 2d at 127 ("[I]t appears nothing prevents a defendant from attempting to settle a putative class action by making a pre-class certification offer to the named plaintiff under Rule 68.").

On the other hand, the overwhelming majority of courts, including courts in this district, have cautioned against the use of offers of judgment as a basis for mooting an FLSA action and disfavor invoking Rule 68 in the context of a collective action. *See Reyes*, 2005 U.S. Dist. LEXIS 11948, *10-11 ("Permitting a defendant to evade a collective action by making an offer of

---

[8] Indeed, one court that has sanctioned a Rule 68 offer of judgment in an FLSA case as noted that "the primary purpose of [Rule 68] is to promote settlements and avoid protracted litigation . . . .The offer of judgment rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Vogel*, 371 F. Supp. 2d at 126 (internal quotations and citations omitted). Consequently, in theory, nothing stops defendants in FLSA cases from pursuing Rule 68 offers of judgment.

judgment at the earliest possible time defeats the purpose of the collective action mechanism."); *Guerra v. Big Johnson Concrete Pumping, Inc.*, 2006 U.S. Dist. LEXIS 58973, *10 (S.D. Fla. 2006) (allowing defendants' offer of judgment to moot case is contrary to the broad remedial purpose of the FLSA); *Yeboah v. Central Parking Systs.*, 2007 U.S. Dist. LEXIS 81256, *11 (rejecting application of Rule 68 offers of judgment where similarly situated individuals have opted-in to action); *Rubery v. Buth-Na-Bodhaige, Inc.*, 2007 U.S. Dist. LEXIS 47825, *180-81 (W.D.N.Y. 2007) ("Court is mindful of the inherent danger that motions to dismiss grounded on Rule 68 offer may be wielded as a strategic weapon to frustrate the FLSA's very object . . . .") (internal citation omitted); *Roble v. Celestica Corp.*, 2007 WL 2669439, *3 (D. Minn. 2007) ("Allowing [Rule 68 offers of judgment to moot FLSA claim] would frustrate FLSA's collective action provision allowing for the aggregation of small claims, and would endorse an unacceptably narrow understanding of Article III's case-or-controversy requirement."); *Morales-Arcadio v. Shannon Prod. Farms*, 2006 U.S. Dist. LEXIS 75967, *6 n.2 (S.D. Ga. 2006) (sharing concern about defendants strategically making offers in an attempt to cut off litigation before all of the class members have been identified); *Geer*, 2006 U.S. Dist. LEXIS 10903, at *11 ("Although nothing in the rules prevents the parties from engaging in tactics to moot the case early on, this court is reluctant to allow defendants to bar the

courtroom doors so early in the litigation."); *Reed v. TJX Cos.*, 2004 U.S. Dist. LEXIS 21605, *7 (N.D. Ill. 2004); *Silva v. Nat'l Telewire Corp.*, 2000 U.S. Dist LEXIS 13986, *3 (D. N.H. 2000) ("it would be inappropriate to compel the plaintiff to settle his individual claim against defendant while the issue of class certification is pending") (internal citations omitted).

In this case, Defendants' Motion to Dismiss based on a Rule 68 offer of judgment is of particular concern. First, the record reflects that Plaintiffs' Motion for Conditional Certification was pending at the time Defendants filed their motion. In fact, Defendants filed the Motion to Dismiss within twenty days of Plaintiffs' Motion for Conditional Certification and prior to Defendants' opposition to conditional certification. (*See* D.E.s 32, 47 and 50.) Thus, the timing of events suggests that Defendants were attempting to circumvent a ruling on the motion to certify the collective action - the very concern that courts have cautioned against.[9] Based on the developments herein, this Court shares the concerns expressed by sister courts and denies Defendants' request.

Courts in similar circumstances have also found a motion to dismiss based on a Rule 68 offer of judgment premature. *See, e.g.*, *Rubery*, 494 F. Supp. 2d at 181 (finding premature defendants'

---

[9] Indeed, in subsequently opposing conditional certification, Defendants argue that the Court was deprived of subject matter jurisdiction via Defendants' offers of judgment. (*See* Defs.' Opp. 1.)

motion to dismiss made prior to the court's determination of plaintiffs' motion for certification); *see also Silva*, 2000 Dist. LEXIS 13986 at *3. This Court agrees. When Defendants filed the Motion to Dismiss, the Court had yet to rule on whether conditional certification was appropriate. Therefore, as noted above, although nothing expressly prohibits Rule 68 offers of judgment in the context of an FLSA action, the Court finds that sound policy and persuasive authority weigh against approving a Rule 68 offer of judgment when conditional class certification is pending.

The Court also rejects Defendants' argument that Plaintiff Prophet was offered all that he was entitled. The record reflects that, as part of the Statement of Claim, Plaintiff Prophet filed an affidavit wherein he asserts that "[his] total unpaid wages claim is $3,562.28." (Prophet Aff. ¶ 16, contained within D.E. 27.) Defendants have based their offer of judgment on that amount. Significantly, however, the Statement of Claim also provides that "the calculations presented [therein] have been quantified by utilizing limited records [and] Plaintiffs reserve the right to supplement or amend their affidavits and wage claims subsequent to discovery. . . ." (D.E. 27 ¶ 3.) As discovery is incomplete and the amount asserted was effectively an estimate, the Court cannot definitively conclude that the rejected Rule 68 offer of judgment provided all that Plaintiff Prophet could recover at trial. *Reyes*, 2005 U.S. Dist. LEXIS 11948, at *8.

The Motion to Dismiss must also be denied because there are at least three additional opt-in plaintiffs in this cause.[10] The additional opt-in plaintiffs have not received Rule 68 offers of judgment. Accordingly, the Court finds that the existence of opt-in plaintiffs without offers of judgment demonstrates that Defendants have not provided Plaintiffs complete relief as contemplated under Rule 68 and Defendants' motion must be denied.[11]

---

[10] To date, Jennifer Mejia, Lena Chesser and Lamonte Hambrick have filed consents to opt-in to the litigation. (*See* D.E.s 55, 56 and 92.) The small number of opt-in plaintiffs does not warrant a different result. *See, e.g., Reyes,* 2005 U.S. Dist. LEXIS 11948, *9 (the existence of two other persons in the action maintained a live controversy); *Reed,* 2004 U.S. Dist. LEXIS 21605, at *4 (plaintiff identified two similarly situated individuals who filed written consents to join the lawsuit).

Moreover, Defendants mistakenly rely on *Mackenzie v. Kindred Hosp. East, LLC,* 276 F. Supp. 2d 1211, 1219 (M.D. Fla. 2003), wherein the court dismissed a purportedly collective action after the defendant served offers of judgment. 276 F. Supp. 2d at 1219. Unlike this case, the court in *Mackenzie* expressly noted that "plaintiff ha[d] failed to identify any similarly situated individual who ha[d] expressed an interest in filing a written consent to join [the] lawsuit, as required by the FLSA." *Id.* at 1213. Thus, the facts in *Mackenzie* are distinguishable.

The Court also rejects Defendants' argument that it lost jurisdiction during the time lapse between the offers of judgment and the filing of the opt-in consent forms. *Reyes,* 2005 U.S. Dist. LEXIS 11948, at *8-9 ("There is no Eleventh Circuit precedent regarding the exact moment a case becomes moot after the making of a qualified offer of judgment, but at the very least, a court cannot lose jurisdiction before the parties themselves can ascertain whether they retain a legally cognizable interest in the outcome of the litigation.")

[11] Plaintiffs argue that the Court should also deny the Motion to Dismiss because Defendants failed to meet and confer as required by Local Rule 7.1(A)(3). (Pls.' Opp. ¶ 3-5.) Local Rule 7.1(A)(3) requires that parties confer in a good faith effort to resolve the

The Court ultimately concludes that it maintains subject matter jurisdiction over this cause.

**B.    Conditional Certification of Collective Action**

1.    *Standard*

In *Hipp v. Liberty National Life Ins., Co.*, 252 F.3d 1208, (11th Cir. 2001), the Eleventh Circuit outlined a two-tier approach for district courts to use in determining conditional certification of a collection action.  *Hipp* provides, in relevant part, that in considering class certification,

> [t]he first determination is made at the so-called 'notice stage.' At the notice stage, the district court makes a decision-usually based only on the pleadings and any affidavits which have been submitted . . . .Because the court has minimal evidence at the notice stage, this determination is made using a fairly lenient standard and typically results in 'conditional certification' of a representative class.    If the district court 'conditionally certifies' the class, putative class members are given notice and the opportunity to 'opt-in'. The actions proceeds as a representative action throughout discovery.

*Hipp*, 252 F.3d at 1218 (*citing Mooney Aramco Servs. Co.*, 54 F.3d 1207 (5th Cir. 1995).  A second determination is made after discovery and typically precipitated by a defense motion for

---

issues in the motion. S.D. Fla. L.R. 7.1(A)(3). Defendants dispute Plaintiffs' version of the facts and further note that motions to dismiss are excluded from the application of the Rule.    (Defs.' Reply 2.)  Because the Court finds that the Motion to Dismiss must be denied on substantive grounds, the Court need not reach the alleged procedural defects.    The Court, however, cautions all parties that it expects strict adherence to all applicable rules and will not tolerate violations as part of crafty tactics that are typical of complex litigation.

"decertification."  *Id.*; *see also Anderson v. Cagle's, Inc.*, 488 F.3d 945, 952-53 (11th Cir. 2007) (recently reiterating the two-tier approach to determining certification of a collective action).

To create an opt-in class under section 216(b), a named plaintiff must be suing on behalf of himself and other "similarly situated employees."  *Hipp*, 252 F.3d at 1217.  The "similarly situated" requirement is more elastic and less stringent than the requirements found in [other rules governing multi-party practice].  *Id.* at 1219.  Plaintiffs may meet this burden, which is not heavy, by making substantial allegations of class-wide [violations] supported by affidavits.  *Id.*  Ultimately, the decision to create an opt-in class remains soundly within the discretion of the district court.  *Id.* (internal citations omitted).

Before exercising such power, however, the district court should satisfy itself that there are other employees who desire to "opt-in" and who are "similarly situated" with respect to their job requirements and pay provisions.  *Dyback v. Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991).  The Court considers Plaintiffs' request for conditional certification under the notice stage of the two-tier approach outlined above.

2.  *Analysis*

While the parties have conducted some discovery, this case remains at the early stage of litigation.  Consequently, the Court reviews the record in light of Plaintiffs' burden at this juncture

12

and refrains from conducting a factual determination on the question of whether plaintiffs are, in fact, similarly situated. *See, e.g., Carmody v. Florida Center for Recovery, Inc.*, 2006 U.S. Dist. LEXIS 81640, *9 (S.D. Fla. 2006) (granting conditional certification where case at beginning stage of discovery); *Cf. Holt v. Rite Aid Corp.*, 333 F. Supp. 2d 1265, 1274 (denying conditional certification where parties had conducted extensive discovery on the issue of whether parties are "similarly situated").

Plaintiffs, in this case, have provided evidence to support certification of a collective action. First, the Amended Complaint alleges that Defendants had a practice, decision or plan of requiring pharmacy technicians to (i) work though their lunch break without proper compensation, (ii) perform off the clock work without proper compensation and (iii) run errands for the benefit of Defendants off the clock without compensation. (Am. Compl. ¶ 16.) Plaintiffs have also submitted affidavits in support of conditional certification. Specifically, the Court considers the affidavits of Plaintiffs Christina King, Scott Prophet and Dominique Rizzo as well as the affidavit of Jennifer Mejia, who filed an opt-in consent.[12] All four affidavits are from employees

---

[12] The Court considers the affidavits of Plaintiffs Christina King and Dominique Rizzo even though those persons have accepted offers of judgment and resolved their claims subsequent to the motion for conditional certification. The Court is unaware of legal authority, and Defendants cite to none, which supports disregarding the affidavits based on the subsequent Rule 68 offers of judgment. Moreover, disregarding the affidavits raises the same concerns that

who had similar, if not the same job title, *i.e.*, pharmacy technician.[13]   Plaintiffs also maintain that each worked through lunch without compensation, ran errands for the benefit of Defendants off the clock and worked past his or her respective shift. (King Aff. ¶ 4, Prophet Aff. ¶ 5, Rizzo Aff.  ¶ 4 and Mejia Aff. ¶ 5.)   Moreover, each affiant alleges to be personally aware of other similarly-situated current and former employees of Defendants that have been denied proper compensation.   (King Aff. ¶ 6, Prophet Aff. ¶ 6, Rizzo Aff. ¶ 6 and Mejia Aff. ¶ 6.)

In opposing conditional certification, Defendants stress the purported differences between Plaintiffs and urge this Court to engage in a more stringent standard of review.[14]   Defendants also argue that, at the time of Plaintiffs' motion, there was no evidence that other employees desired to opt-in. (Defs.' Opp. 7.)

---

arise in the defensive strategy of seeking to moot the collective action before conditional certification has been determined, *i.e.*, the offers of judgment should not undermine the factual record at the time Plaintiffs sought court approval of the collective action.

[13] Defendants stress that, during some time, Plaintiff Prophet was a "pharmacy technician trainer" and Plaintiff Rizzo was a "lead pharmacy technician".   (*See* Defs.' Opp. 4 n.4.)   But, employee positions need only be similar, not identical.   *Hipp*, 252 F.3d at 1217 (*citing Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996)).   Moreover, the record reflects that both Prophet and Rizzo also worked as pharmacy technicians while employed by Defendants. (*See* Prophet Aff. ¶ 5 and Rizzo Aff. ¶ 4.)   Consequently, Defendants' argument based on different job titles is misplaced.

[14] Defendants also premise their opposition to conditional certification on this action being moot.   As noted herein, the Court finds the action is not moot and, therefore, rejects Defendants' argument.

Because Plaintiffs have since filed three consents to opt-in, Defendants' argument is inapposite. (*See* D.E.s 55,56 and 92.)[15]

Defendants also rely on cases that are distinguishable. *See, e.g.*, *Holt*, 333 F. Supp. 2d at 1274-75 (concluding, after *extensive evidence*, that notice could not be had to either national or regional group) (emphasis added); *Harper v. Lovett's Buffet, Inc.*, 185 F.R.D. 358, 363 (M.D. Ala. 1999) (allowing notice to a limited class even though plaintiffs requested service to the southeast region); *Horne v. United Servs. Auto. Assoc.*, 279 F. Supp. 2d 1231, 1235 (M.D. Ala. 2003) (declining to approve collective action where evidence was insufficient for the court to conclude that there were other similarly situated employees).[16]  Defendants' arguments, however, go too far as the facts of the cases they cite differ from the action before the Court.  Consequently, the Court concludes that Plaintiffs have satisfied their burden at the notice

---

[15] Defendants also assert that Plaintiffs have failed to show that any one of the defendants was an "employer" to establish an "employer-employee" relationship as statutorily required. (*See* Defs.' Opp. 12.)  Defendants' arguments, however, are contrary to their admissions.  Indeed, Defendants admit that "Holiday CVS" employed three of the plaintiffs during the relevant period. (*See* Hay Aff. ¶ 11.)  Therefore, if there is a "game of musical defendants," as Defendants maintain, all parties are playing.

[16] Defendants also rely on the decision in *Stone v. First Union Corp.*, 203 F.R.D. 532 (S.D. Fla. 2001) wherein the court adopted a five-factor test to determine whether plaintiffs were "similarly situated".  Significantly, however, the court's analysis in *Stone* was conducted at the "second stage" of the collective action and in response to a motion to decertify the class. *Stone*, 203 F.R.D. at 535.  The action herein is at a different juncture and, therefore, *Stone* is distinguishable.

stage to permit conditional certification of the collective action. Plaintiffs have made allegations and submitted affidavits that satisfy this Court that there are similarly situated employees who, if allowed, would opt-in to this action.[17]

Having found that notice of a collective action is warranted, the only issue remaining is the scope of notice. Here, Plaintiffs' request goes too far. Plaintiffs seek nationwide notice to all pharmacy technicians employed by Defendants for the applicable three year statute of limitations. (Pls.' Mot. to Cond. Cert. Class. 2.)[18]  Of course, Defendants oppose such broad notice and cite to cases where courts have limited the scope of notice. *See, e.g.*, *Harper*, 185 F.R.D. at 365 (limiting notice to one location); *Bernard v. Household Int'l., Inc.*, 231 F. Supp. 2d 433, 436 (E.D. Va. 2002) (declining to approve notice beyond one state).

The Court agrees with Defendants and finds that Plaintiffs have failed to demonstrate nationwide notice is proper. Rather, the record reflects that Plaintiffs who filed an affidavit all worked in the same geographic region in Florida. (*See* Hay Aff.

---

[17] Of course, the Court's ruling is limited to this stage of the litigation. The conclusions may differ at the second stage of the action where Defendants may move to decertify the class.

[18] Nationwide notice would span across 38 states, resulting in notice to approximately 50,700 individuals employed as pharmacy technicians during the applicable three year statutory period. (*See* Hay Aff. ¶ 7.)

¶ 11).[19]  In this regard,  the Court has the discretion to limit the scope of notice and is mindful that any collective action must be manageable. *See, e.g.*, *Harper*, 185 F.R.D. at 363 ("While the court cannot permit conditional certification of the corporate-wide class . . . this does not prohibit the possibility of the maintenance of a § 216(b) action by a smaller class."); *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 266 (D. Minn. 1991) (noting that before allowing court-approved notice in a collective action, the court should make a preliminary inquiry into whether a manageable case exists).  A geographic limitation is also a balance between the interest of pursuing a collective action and disallowing plaintiffs' counsel open-ended, court supported publicity.  *See Severtson*, 137 F.R.D. at 267 (in addition to case management, the courts have a responsibility to avoid stirring up litigation through unwarranted solicitation).  While nationwide notice may be possible under the right circumstances, the Court cannot sanction it on this record.

---

[19]Although not a party at the time of the Hay Affidavit, opt-in plaintiff Jennifer Mejia worked in the same pharmacy as Plaintiff Prophet, *i.e.*, store No. 2825, located in Brandon, Florida. (*See* Mejia Aff. ¶ 5.)  Opt-in plaintiffs Chesser and Hambrick, however, have not filed affidavits.  The absence of affidavits for Chesser and Hambrick precludes this Court from considering the location of their respective employment.  Therefore, to the extent that opt-in plaintiffs Chesser and Hambrick worked at a pharmacy within the same geographic location as the other plaintiffs, their respective consent to opt-in to this action is permitted.  If, however, Chesser or Hambrick work in a different location, their respective consent to opt-in is hereby stricken as beyond the scope of conditional certification as outlined herein.

The record here reflects that Defendants' pharmacies are organized into five regions and each region is comprised of several districts. (Hay Aff. ¶ 11.)  Plaintiffs who filed affidavits all worked at pharmacies located within District 2 of Region 51, within the same geographic area in Florida.[20]  (*Id.*)  Therefore, the Court finds it reasonable to limit notice expressly to pharmacy technicians who worked in pharmacy locations within District 2 of Region 51, within the state of Florida.  With this limitation on scope, Plaintiffs' Motion for Conditional Certification is granted.[21]

## C.  Guidelines for Finalizing Notice

Since conditional certification is proper, the Court herein provides preliminary guidelines regarding the preparation, content and distribution of notice.  First, within ten (10) days from the

---

[20] Absent from the record is the number of pharmacies and the number pharmacy technicians within District 2 of Region 51.  Therefore, upon seeking Court approval of the content of the notice, the parties shall advise the Court of the approximate number of persons who are to receive notice of the collective action.

[21] The Court also notes that, without additional argument necessary, it disregards Plaintiffs' supplemental filings in support of conditional certification (D.E. 74) for several reasons.  First, the supplemental materials are tardy - they were filed over a month after briefing was concluded.  Second, as Defendants correctly note, the submissions lack relevance to the precise issues in this action, *i.e.*, the materials span an unrelated time period, address different purported violations and  do not, in any way, support the requisite factor that plaintiffs must be "similarly situated". (See D.E. 82).  Lastly, Plaintiffs did nothing to initially explain why the Court should consider the submissions.  Therefore, the Court grants Defendants' motion to strike the supplemental filings.

date of this Order, Defendants shall produce to Plaintiffs a list of the names and most current addresses of all non-exempt pharmacy technicians employed by Defendants within District 2 of Region 51 (as described herein) from July 16, 2004 (three years prior to the date of the commencement of the instant action) through the present, *i.e.*, the date of this Order.  Second, the parties shall forthwith confer as to the content of the notice.  The parties are directed to notice and consent forms used in the following cases: *Carmody v. Florida Center for Recovery, Inc.*, Case No. 05-14295-CIV-MARRA/LYNCH and *Pendlebury v. Starbucks Coffee Co.*, Case No. 04-80521-CIV-MARRA/SELTZER.  The aforementioned cases are solely examples and the parties are to mutually agree upon the content of notice and submit a proposed notice for Court approval no later than twenty (20) days from the date of this Order.  The Notice shall inform the conditional class members that they are allowed forty-five (45) days from the date of the mailing of the notice to submit their consents to become party plaintiffs.

Disputes regarding the discovery ordered herein or the content of the notice shall be handled in accordance with this Court's procedures on discovery matters and will generally be referred to the Magistrate Judge unless the Court deems otherwise.

Lastly, in light of conditional certification of the collective action, the Court will separately issue an amended scheduling order that shall govern the remainder of this action.

## D.   Additional Matters

The Court is aware that Defendants have filed a motion for summary judgment (D.E. 78).  Plaintiffs' have yet to file a response.  Because the Court has granted Plaintiffs' motion to conditionally certify the collective action, Defendants' request for summary disposition is denied as premature.

Plaintiffs have also filed a Motion to Extend the Deadlines for Filing Pretrial Motions and Memoranda of Law (D.E. 85). Defendants oppose Plaintiffs' request (D.E. 93).  As the Court has amended the trial schedule in this cause, Plaintiffs' request for an extension of time for pretrial motions is denied as moot.

### III.   CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion for Conditional Certification as a Collective Action and Issuance of Court Supervised Notice (D.E. 32) is **GRANTED, in part, and DENIED, in part,** as described herein. It is further

**ORDERED AND ADJUDGED** within ten (10) days from the date of this Order, Defendants shall produce to Plaintiffs a list of the names and most current addresses of the members of the conditional class as defined herein.  It is further

**ORDERED AND ADJUDGED** that Defendants' Motion to Compel Acceptance of Their Rule 68 Offer of Judgment and to Dismiss This

20

Case For Lack of Subject Matter Jurisdiction is (D.E.s 47 and 48) is **DENIED**.  It is further

    **ORDERED AND ADJUDGED** that Defendants' Objections, or in the alternative, Motion to Strike Plaintiffs' Supplemental Filings in Support of Motion for Conditional Certification (D.E. 81) is **GRANTED**.  It is further

    **ORDERED AND ADJUDGED** that Defendants' Motion for Summary Judgment (D.E. 78) is **DENIED**, without prejudice. It is further

    **ORDERED AND ADJUDGED** that Motion to Extend the Deadlines for Filing Pretrial Motions (D.E. 85) is **DENIED** as moot. It is further

    **ORDERED AND ADJUDGED** that the Scheduling Order (D.E. 38) is amended.  The Court has set new trial dates as announced during the hearing held on December 5, 2007.  An Amended Scheduling Order will follow.

    **DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of December, 2007.

                             DONALD L. GRAHAM
                             UNITED STATES DISTRICT JUDGE

cc:  U.S. Magistrate Judge O'Sullivan
     Counsel of Record