UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-21824-CIV-GRAHAM/TORRES

CHRISTINA KING, SCOTT PROPHET,
DOMINIQUE RIZZO, JENNIFER MEJIA,
and LENA CHESSER, individually, and on
behalf of all other similarly situated current
and former employees,

        Plaintiffs,

v.

CVS CAREMARK CORP., CVS
PHARMACY, INC., HOLIDAY CVS, LLC,
and DOES 1 - 100,

        Defendants.
_____/

## OMNIBUS ORDER

This matter is before the Court on two pending Motions: (1) Plaintiffs' Motion for Leave to Serve Notice Upon Newly Disclosed Class Members Due To Defendants' Failure To Timely Identify These Individuals and Motion for an Evidentiary Hearing [D.E. 126]; and (2) Plaintiffs' Motion for Leave to Amend Complaint to Include As Named Plaintiffs the Fifteen Individuals Who Have Opted-In To this Lawsuit [D.E. 127]. These pending motions are now ripe, as Defendants have responded without reply, and they are before the undersigned pursuant to the Order of Reference entered on March 18, 2008 [D.E. 128] and the reassignment of this case from Magistrate Judge O'Sullivan [D.E. 133].

*Motion for Leave to Serve Notice*

    1.    This case is a collective action brought pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act (the "FLSA"), on behalf of similarly situated pharmacy technicians

currently and formerly employed by Defendants CVS Caremark Corp., CVS Pharmacy, Inc., and Holiday CVS, LLC. On September 10, 2007, Plaintiffs filed a Motion for Conditional Certification as a Collective Action and Issuance of Court Supervised Notice ("Plaintiffs' Motion") to provide those similarly situated with notice and the opportunity to "opt-in" to this action to seek similar redress [D.E. 32]. On December 14, 2007, the Court entered an Order granting Plaintiffs' Motion, requiring that the parties mutually agree upon the content of the notice and submit a proposed notice for Court approval no later than twenty (20) days from the date of the Court's Order. [D.E. 97] That Order required that "[t]he Notice shall inform the conditional class members that they are allowed forty-five (45) days from the date of the mailing of the notice to submit their consents to become party plaintiffs." [*Id.* at 19]. The Court's December 14th Order also required Defendants to produce to Plaintiffs a list of the names and most current addresses of all non-exempt Pharmacy Technicians employed by Defendants within District 2 of Region 51 during the three-year period prior to initiation of this action.

2. Defendants then provided to Plaintiffs a list of approximately 225 names and addresses of Pharmacy Technicians who worked at CVS stores within District 2 of Region 51 during the period from July 14, 2004 to December 31, 2007. The parties later filed their Joint Proposed Notice and Opt-In Consent that was subsequently approved by the Court on January 17, 2008 [D.E. 111].

3. Plaintiffs complain, however, that following that notice they discovered that many of the addresses provided by Defendants as part of the list of class members were inaccurate. Many of the Notices were returned as undeliverable, and Plaintiffs' own investigation revealed that many of the addresses provided were inaccurate. That problem was cured in part through the Court's Order granting an extension of time for a discrete

number of employees to file their opt-in notices [D.E. 122]. Then Plaintiffs learned that Defendants did not include at least ten (10) pharmacy technicians as part of the January 3, 2008 list identifying the prospective class members. That fact has now been confirmed by Defendants, although they initially responded to Plaintiffs' concerns with reassurances that all the pharmacy technicians had been properly identified. As it turns out, those reassurances proved inaccurate. The record shows that Plaintiffs' efforts at verifying the Defendants' data ultimately led to Defendants' confirmation, on March 11, 2008, that three employees – identified by Plaintiffs as being potential class members – should in fact have been included in Defendants' list of pharmacy technicians. Moreover, Defendants identified an additional seven pharmacy technicians that were omitted from the original list of class members.

4.     As a result, Plaintiffs are now requesting leave to serve the class notice on these ten individuals and granting them a forty-five day period within which to opt in. Plaintiffs are also demanding an evidentiary hearing to determine the extent of Defendants' violation of the Court's December 14, 2007 Order. Plaintiffs contend that there is good reason to question whether Defendants have either willfully or recklessly violated that Order by providing inaccurate employee information, which requires the entry of some form of sanctions against Defendants. For their part Defendants concede that their initial employee list was inaccurate, that notice should have been provided to these ten individuals, but also that they had agreed to that relief long before the filing of the pending motion. Moreover, Defendants object to any sanctions proceedings because, they claim, any errors were unintentional and have now been cured.

5.     Based on this record, the Court readily finds that the motion should be granted to grant these ten individuals notice of the litigation and forty-five day period within which to opt in. Defendants argue that the motion should now be denied because, due to Plaintiffs'

decision, the pending motion was not filed in time in order for the forty-five day period to expire before the close of discovery. That position is remarkable considering it was Defendants' failure to comply with this Court's December 14th Order that led to this problem. Whether intentional or not, there is no record dispute that employees that should have been identified, per Court Order, were not. That entitled Plaintiffs to file the pending motion, and the Court does not find that they were dilatory in doing so. To the contrary, it appears that Plaintiffs undertook the appropriate measures to ascertain whether the Defendants' information was correct, and that upon confirming that the information was not correct, *despite repeated assurances from Defendants' counsel*, Plaintiffs then sought the pending relief. The fact that the opt-in period for these ten employees will not be exhausted until after the discovery cutoff, to the extent that is prejudicial at all, will be a risk that Defendants will have to bear. Moreover, any such prejudice to Defendants could also be addressed by the Court when and if that materializes. At this point, it is premature to decide what relief, if any, should be considered if Defendants seek discovery from any of these employees who may opt-in shortly before or after the discovery cutoff.

6.   Similarly, however, it is premature to undertake a time-consuming proceeding to determine if any sanctions should be entered. Because discovery is still ongoing, and Defendants are prepared to present the testimony of a corporate representative with knowledge of the accuracy of the Defendants' list of employees, this time period will be better served by Plaintiffs obtaining additional information to support their belief that Defendants' employee list may still be inaccurate, or to determine if Defendants were engaging in litigation shenanigans by failing to provide a complete list of employees. If and when a further record is developed concerning these issues, and if material prejudice can be shown, Plaintiffs may

renew their request for sanctions or an evidentiary hearing. For now, that portion of the motion will be denied without prejudice.

## *Motion for Leave to Amend Complaint*

7.  Plaintiffs' other motion requests leave to amend the complaint to specifically include the fifteen opt-in class members now identified as party plaintiffs in the case. Plaintiffs do not cite any authorities that show that Plaintiffs are in fact entitled to that relief, beyond the well-understood principle that leave to amend pleadings should be freely granted. Defendants, however, correctly argue that a class member that files an opt-in notice is, under the statute and operation of law, a "party plaintiff" that has the same party status as the named plaintiffs. *Prickett v. DeKalb County,* 349 F.3d 1294, 1297 (11th Cir. 2003) (citing 29 U.S.C. § 216(b)). Moreover, Defendants are also correct that under the two-stage process for opt-in certification in this Circuit, the Court may have to evaluate at a later date whether the case should be decertified, and any opt-in plaintiffs would be dismissed without prejudice. *E.g., Hipp v. Liberty Nat'l Life Ins. Co.,* 252 F.3d 1208, 1218 (11th Cir. 2001).

8.  Under this regime, there is no good cause why the complaint should now be amended as any opt-in class members are at this point party plaintiffs by operation of law. Plus, as the preceding section of this Order shows, there may be more plaintiffs who will opt-in to this case in the next forty-five days. Were we to grant the pending motion now, Plaintiffs would presumably seek to amend the amended complaint once again to add those potential opt-plaintiffs to the case. That procedure is obviously cumbersome and, most importantly, not necessary under section 216(b). At the very least, even if Plaintiffs are right that an amended complaint should be filed that "incorporates" the opt-in process, that amended complaint should not be filed until after the opt-in period and decertification period expires.

9. For these reasons, the pending motion to amend the complaint will be denied for now.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

A. Plaintiffs' Motion for Leave to Serve Notice Upon Newly Disclosed Class Members Due To Defendants' Failure To Timely Identify These Individuals and Motion for an Evidentiary Hearing [D.E. 126] is **GRANTED IN PART AND DENIED IN PART**. Within five days of this Order, the parties shall mail the Notice (as previously approved in the Court's Order of January 16, 2008 [D.E. 111]) to the ten late-disclosed employees that have now been identified (or that may still be identified in time for compliance with this Order). That Notice shall also inform these individuals that they are allowed forty-five (45) days from the date of the mailing of the Notice to submit their consents to become party Plaintiffs. The remaining relief sought in the Motion is denied without prejudice.

B. Plaintiffs' Motion for Leave to Amend Complaint to Include As Named Plaintiffs the Fifteen Individuals Who Have Opted-In To this Lawsuit [D.E. 127] is **DENIED** without prejudice.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of April, 2008.

EDWIN G. TORRES
United States Magistrate Judge