UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 07-21824-CIV-GRAHAM/TORRES

ALEXIS KING, CHRISTINA KING, TAMMY LOPEZ, SCOTT MEJIA and DOMINIQUE RIZZO; individually and on behalf of all other similarly situated current and former employees,

   Plaintiffs,

v.

CVS/CAREMARK CORP., CVS, INC., CVS, LLC., HOLIDAY CVS, LLC, and DOES 1-100,

   Defendants.

**<u>PLAINTIFF CHRISTINA KING'S & PLAINTIFF DOMINIQUE RIZZO'S MOTION TO RECOVER ATTORNEYS' FEES AND LITIGATION COSTS (PURSUANT TO *29 USC § 216(b)*)</u>**

   Plaintiffs, CHRISTINA KING ("King") and DOMINIQUE RIZZO ("Rizzo") (collectively "Plaintiffs"), by and through their undersigned counsel, hereby file the instant Motion to Recover Attorney's Fees and Costs Motion against Defendants, CVS/CAREMARK CORP., CVS PHARMACY, INC., and HOLIDAY CVS, LLC (collectively "Defendants"), pursuant to *29 USC § 216(b)*, *Federal Rules of Civil Procedure 54*, *Local Rule 7.3* and any other applicable rules, and in support thereof state as follows:

**MEMORANDUM**

I.     **INTRODUCTION**

Plaintiffs, CHRISTINA KING ("King") and DOMINIQUE RIZZO ("Rizzo") (collectively "Plaintiffs"), by and through Plaintiffs' Counsel, hereby moves this Court for an Order approving Plaintiffs' Counsel's attorneys' fees and litigation-related expenses against Defendants, CVS/CAREMARK CORP., CVS PHARMACY, INC., and HOLIDAY CVS, LLC (collectively "Defendants").

As demonstrated herein, Plaintiffs base the instant motion on acceptance of Rule 68 Offers of Judgment made by Defendants, and accepted by Plaintiffs, to settle Plaintiffs FLSA wage claims brought pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C § 201, et seq.  Such claims were Settled by Defendants for their *full value* in response to, and as part of, a litigation strategy by Defendants to moot Plaintiffs' Motion for Certification of a Collective Action (filed two days prior to the date that Defendants' Offers were made).

Plaintiffs' Counsel collectively request fees and costs in the amount of $77,185.85, which represents 2/3rds of the total hours and costs ($115,778.78) reasonably incurred prior to September 26, 2007, the date that Plaintiff Rizzo and Plaintiff King accepted Defendants Rule 68 Offers [*See* Dkt. Nos. 43 and 44], as well as for all hours and costs reasonably incurred in the preparation of the instant Motion.  This motion is supported by this Memorandum of Points and Authorities, as well as the supporting declarations of Robert Switkes ("Switkes Dec."), Shawn Khorrami ("Khorrami Dec.") and Richard Kellner ("Kellner Dec.").

For these reasons, set forth in detail below, Plaintiffs' Counsel respectfully requests that this Court grant their Motion in full for their efforts on behalf of the Plaintiffs.

**II.     STATEMENT OF FACTS**

As set forth herein, Plaintiffs' Counsel has performed a substantial amount of work on this case, logging a combined 439.15 hours on behalf of the Plaintiffs. Such hours, which are accounted for in the detailed *Billing Statements* of Rosen Switkes & Entin, P.L. [*See Switkes Dec.*, **Exh. A**], Khorrami Pollard & Abir LLP [*See Khorrami Dec.,* **Exhibit A**], and Kabateck Brown & Kellner LLP [*See Kellner Dec.*, at **Exhibit A**], include the following activities:

On or about July 16, 2007, after completing their pre-filing due diligence, Plaintiffs Counsel drafted and filed a collective action Complaint against Defendants alleging, among other things, (1) Failure to Pay Wages pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C § 201, and (2) Failure to Pay Overtime Compensation pursuant to the FLSA, 29 U.S.C § 201. [Dkt No. 1]

On or about August 15, 2007, Plaintiffs filed a Motion for Leave to Amend the Complaint, in which the named Plaintiffs sought to address the corporate naming deficiencies identified by Defendants in their Answer and Affirmative Defenses, to clarify the specific causes of action being asserted against Defendants, and to dismiss, without prejudice, Plaintiffs, Alexis King and Tammy Lopez as party plaintiffs in this matter. [Dkt No. 24].

Thereafter, on September 10, 2007, Plaintiffs filed a Motion for Conditional Certification of a Collective Action and Issuance of Court Supervised Notice ("Plaintiffs' Motion") to provide those similarly situated with notice and the opportunity to "opt-in" to this action to seek similar redress. [Dkt No. 33]

On September 12, 2007, two days after Plaintiffs' Motion for Certification was filed, Defendants served Rule 68 Offers of Judgment (the "Rule 68 Offers") on each of the named Plaintiffs. [*See* Dkt. Nos. 43 and 44]. Defendants and their Counsel admit the Rule 68 Offers of

Judgment were used as a defensive litigation tactic intended to moot Plaintiffs' Motion for Certification.  *See*  Dkt. No. 48 (Motion To Compel Acceptance Of Rule 68 Offer Of Judgment And Dismiss For Lack Of Subject Matter Jurisdiction); Dkt. No. 50, at 1 (Opposing Plaintiffs' Motion to Certification on the grounds that "because Plaintiffs have each been offered all the relief they could hope to recover via Defendants' Offers of Judgment pursuant to Fed. R. Civ. P. 68, no actual case or controversy exists in this matter" and "the deadline to add additional parties has passed").  These efforts were consistent with Defense Counsel's published litigation strategy to the Rule 68 Offers of Judgment to prevent certification of collective actions under Section Rule 216(b).  *See Khorrami Dec*, at ¶ 11, **Exh. B**, at 14-16 (Ashe, Rafuse & Hill LLP publication entitled "Defensive Strategies for Preventing Certification of Wage and Hour Collective and Class Actions" detailing the use of Rule 68 Offers "to prevent certification of a putative class.").[1]

On September 17, 2007, Plaintiffs separately propounded on each of the three named Defendants (1) 15 Requests for Admissions, (2) 25 Requests for Production, and (3) and 23 Special Interrogatories.

On September 26, 2008, Plaintiff Rizzo and Plaintiff King accepted Defendants Rule 68 Offers.  [*See* Dkt. Nos. 43 and 44].  Defendants Offers expressly stated both Plaintiffs were entitled to recover "[r]easonable attorneys fees, costs, and expenses incurred … in bringing this

---

[1] On September 11, 2007, Defendants moved for an enlargement of time to respond to Plaintiffs' Motion. Plaintiffs did not oppose the filing of Defendants motion for enlargement of time. Although Defendants represented to the undersigned, as well as the Court, they required additional time in order to prepare their Response to Plaintiffs' Motion for Certification, Defendants did not disclose that they were preparing Rule 68 Offers of Judgment on each named Plaintiff – all of which were served the next day.  Materially, such an extension of the deadline to respond to Plaintiffs' Motion for Certification was required to ensure that the response deadline for Defendants' Rule 68 Offers of Judgment lapsed prior to Defendant's deadline to respond to Plaintiffs' Motion for Certification.

3

claim, as determined by the District Court." [*See* Dkt. Nos. 43 and 44]. Defendants have acknowledged that the Rule 68 Offers of Judgment were intended to provide "complete relief for each Plaintiff's alleged damages" based on each Plaintiff's Statement of Claim filed pursuant to the order of this Court. [*See* Dkt. No. 47, at p. 3 (Motion To Compel Acceptance Of Rule 68 Offer Of Judgment And Dismiss For Lack Of Subject Matter Jurisdiction)].

On September 11, 2008, the Court entered judgment in favor of Plaintiffs and Ordered Plaintiffs to file their instant fee motion within 30 days. [*See* Dkt. No. 261].

## III.  ARGUMENT

### A.  APPLICABLE LEGAL STANDARD

The recovery of both attorneys fees and costs are permitted under the express terms of the FLSA, which states that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *See 29 USCS § 216(b)*. Pursuant to the Federal Rules, a claim for an award of fees and costs must be made by motion under Rule 54(d)(2) at a time set by the court [*See id.*], which requires the moving party **(1)** "specify the judgment and the statute, rule, or other grounds entitling the party to the award[,]" **(2)** "state the amount sought or provide a fair estimate of it[,]" and **(3)** "disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made." *See Fed. R. Civ. P. 54(d)(2)(B)*.

In addition, pursuant to *Local Rule 7.3*, a motion for attorneys fees and/or costs must: **(1)** specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; **(2)** state the amount or provide a fair estimate of the amount fees sought; **(3)** disclose the terms of any agreement with respect to fees to be paid for the services for which the claim is

4

made; **(4)** describe in detail the number of hours reasonably expended, the bases for those hours, the hourly rate(s) charged, and identity of the timekeeper(s); **(5)** describe in detail all reimbursable expenses; **(6)** be verified; **(7)** be supported by an affidavit of an expert witness; and **(8)** be filed and served within thirty days of entry of a Final Judgment or other appealable order that gives rise to a right to attorneys fees and/or costs.[2]

### B. PLAINTIFFS ARE ENTITLED TO AN AWARD OF REASONABLE ATTORNEYS' FEES AND COSTS AS A PREVAILING PARTIES UNDER SECTION 216(b) OF THE FLSA

Counsel for Plaintiffs are entitled to recover their reasonable attorney's fees and costs under *29 USCS § 216(b)*, as both Plaintiffs were prevailing parties by virtue of accepting Defendants Rule 68 Offers of Judgment.

Section 216(b) provides for the recovery of attorneys' fees and costs *See 29 USCS § 216(b)* ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). Further, Section 216(b) "makes an award of attorney's fees obligatory when a party has prevailed in a suit to vindicate her rights under the Act." *See Carlson v. Bosem*, 2007 U.S. Dist. LEXIS 49776 (S.D. Fla. Apr. 9, 2007); *Kreager v. Solomon & Flanagan. P.A.,* 775 F.2d 1541, 1542 (11th Cir. 1985) (citing *Christianburg Garment Co. v. EEOC,* 434 U.S. 412, 416 n. 5, 98 S.Ct.

---

[2] Local Rule 7.3 also provides that (1) any such motion shall be accompanied by a certification that counsel has fully reviewed the time records and supporting data and that the motion is well grounded in fact and justified; (2) that prior to filing a motion for attorneys fees and/or costs, counsel shall confer with opposing counsel and make a certified statement in the motion in accordance with Local Rule 7.1.A.3., and (3) that the motion also state whether a hearing is requested by any party and indicate the length of time desired for the hearing.

694, 697 n. 5, 54 L.Ed. 648).[3]   Generally, "a party is a 'prevailing party' if the party prevailed on 'any significant issue in the litigation which achieved some of the benefit the parties sought in bringing suit.'"  *See Powell v. Carey Int'l, Inc.*, 548 F. Supp. 2d 1351, 1356 (S.D. Fla. 2008) (*citing Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989)).  Where an employer makes a Rule 68 offer of judgment, a plaintiff is deemed a prevailing party as a matter of law.  *See Azam-Qureshi v. Colony Hotel, Inc.*, 540 F. Supp. 2d 1293, 1298 (S.D. Fla. 2008) (rejecting defendant's effort to disclaim obligation to pay fees because "[d]efendant made the offer of judgment and by doing so, agreed to pay reasonable attorneys' fees and costs.").

Here, Defendants do not dispute that Plaintiffs are entitled to recover their fees and costs under Section 216(b).  Defendants communicated in offers of judgment accepted by both Plaintiff Rizzo and Plaintiff King Plaintiffs were entitled to recover "[r]easonable attorneys fees, costs, and expenses incurred … in bringing this claim, as determined by the District Court." [*See* Dkt. Nos. 43 and 44].  Defendants acknowledge that the Rule 68 Offers of Judgment was intended to provide "complete relief for each Plaintiff's alleged damages" based on each Plaintiff's Statement of Claim filed pursuant to the order of this Court.  [*See* Dkt. No. 47, at p. 3 (Motion to Compel Acceptance of Rule 68 Offer of Judgment)].  Based on Plaintiffs' acceptance of Defendants' Offers of Judgment, the Court entered judgment in favor of Plaintiffs on September 11, 2008.  [*See* Dkt. No. 261].

---

[3] Attorney's fees are an integral part of the merits of FLSA cases and part of the relief sought therein.  A determination as to the award of attorney's fees is required, and the district court has no discretion to deny the award.  See *Shelton v. M.P. Erving,* 830 F.2d 182, 184 (11th Cir. 1987); *Weisel v. Singapore Joint Venture,* 602 F.2d 1185, 1191 n. 18 (5th Cir. 1979).

6

Thus, as both Plaintiff Rizzo and Plaintiff King received everything that they sought out to recover in the instant action, both Plaintiffs are prevailing parities, and therefore, are entitled to recover their reasonable fees and costs under Section 216(b).

### C. THE FEES SOUGHT BY PLAINTIFFS ARE REASONABLE

Based on the foregoing, it is undisputed that Plaintiffs Counsel are entitled to recover fees and costs from Defendants, which, as set forth herein, are reasonable.

In determining a reasonable attorney's fee, the Court must begin with the "lodestar" figure which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Loranger v. Stierheim*, 10 F.3d 776, 780 (11th Cir., 1994). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate...." *See Hensley*, 461 U.S. at 433. It is well established that there is a "strong presumption" that the lodestar is a reasonable fee. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546 (1986).

Here, Plaintiffs Counsel seeks a total of $77,185.85 (i.e. 2/3rds of $115,778.78) in both attorney's fees and recoverable costs for their efforts litigating the instant case on behalf of Plaintiffs. *See Khorrami Dec*, at ¶ 4. In support of this award, Plaintiff Counsel have submitted detailed evidence of compensable costs in the amount of $957.02 (i.e. 2/3rds of 1435.53). [*See Kellner Dec.*, at ¶ 6; *Switkes Dec.*, at ¶14], and detailed evidence supporting a collective lodestar in the amount of $115,778.78. *See Khorrami Dec*, **Exh. A**; *Kellner Dec.*, **Exh. A**; *Switkes Dec.*, **Exh. A**. As reflected in Plaintiff Counsel's supporting papers, Counsel's lodestar is broken down as follows:

**Rosen Switkes & Entin, P.L.**

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Robert Switkes | 4.9 | $450.00 | $2205.00 |
| Joshua Entin | 21 | $325.00 | $6825.00 |
| Todd Feldman | 45.6 | $225.00 | $10,260.00 |
| Law Clerks | 27 | $150.00 | $4050.00 |

**Khorrami Pollard & Abir**

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Shawn Khorrami | 11.0 | $425.00 | $4675.00 |
| Dylan Pollard | 41.10 | $425.00 | $17,467.50 |
| Matt Bailey | 61.10 | $375.00 | $22,912.00 |
| Sonia Tandon | 20.90 | $300.00 | $6720.00 |
| Annalissa Ward | 15.80 | $275.00 | $4345.00 |
| Brett Barlow | 10.50 | $150.00 | $1575.00 |

**Kabateck Brown & Kellner LLP**

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Richard Kellner | 16.5 | $450.00 | $7425.00 |
| Mark Yenikomshian | 31.5 | $300.00 | $9450.00 |
| Claudia Candelas | 17.0 | $105.00 | $1785.00 |
| Lorlinda Osbourne | 115.25 | $125.00 | $14,406.25 |

As set forth herein, Plaintiffs Counsel's lodestar is reasonable under standards applicable to hours and billing rates.

        1.      <u>Plaintiffs Counsel's Hours Are Justified and Reasonable</u>

To demonstrate the reasonableness of the fees being claimed, "the fee applicant bears the burden of … documenting the appropriate hours expended" and therefore, must submit evidence in support of those hours worked. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The fee applicant meets this burden by submitting records of time kept contemporaneously or reconstructed for purposes of the fee motion. *See Johnson v. University College of University of Alabama*, 706 F.2d 1205, 1207 (11th Cir., 1983) (reasoning that "Reeves' testimony and secondary documentation supports her claim" as "[t]he lack of contemporaneous records does not justify an automatic reduction in the hours claimed.")

Conversely, the applicant's burden does <u>*not*</u> entail a showing of how every minute was expended, but rather, only requires a general description of how time was being spent. *See Hensley*, 461 U.S. at 437 n.12 (1983) ("Plaintiff's counsel, of course, is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures.").

Here, Plaintiffs' Counsel each submit declarations containing billing statements that document how time was spent by each attorney at their respective firms. *See Khorrami Dec*, **Exh. A**; *Kellner Dec.*, **Exh. A**; *Switkes Dec.*, **Exh. A**. Such records satisfy Plaintiffs Counsel's evidentiary burden by identifying the general subject matter of each attorneys' time expenditures with a general description of the particular project and task.

9

There can be no reasonable dispute that Plaintiffs' Counsel's hours are justified and reasonable, especially insofar as the time expended was a direct result of Defendants' aggressive litigation tactics. As noted by the Supreme Court, a defendant "cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." *See Riverside v. Rivera*, 477 U.S. 561, 581 n.11 (U.S. 1986). Moreover, all fees sought pertain to work that was performed prior to Defendants serving such Offers of Judgment on Plaintiffs. *See e.g. Khorrami Dec*, at ¶6,8; *Kellner Dec.*, at ¶6,9; *Switkes Dec.*, at ¶13. The Supreme Court has held that a defendant is obligated to pay fees and expenses that were incurred prior to making a settlement offer. *See Riverside v. Rivera*, 477 U.S. 561, 581 n.11 (U.S. 1986) (reasoning that while "petitioners could have avoided liability for the bulk of the attorney's fees for which they now find themselves liable by making a reasonable settlement offer in a timely manner … this offer was made, as the District Court noted, 'well after [respondents' counsel] had spent thousands of dollars on preparation for trial . . . .'").

Even hours relating to Plaintiffs' Motion for Class Certification are recoverable, not only because this motion was completed and filed *two* days prior to Defendants' making their Offers of Judgment, but also because Defendants used their Rule 68 Offers of Judgment as a defensive litigation tactic to moot Plaintiffs' Motion for Certification. *See* Dkt. No. 48 (Motion To Compel Acceptance Of Rule 68 Offer Of Judgment And Dismiss For Lack Of Subject Matter Jurisdiction); Dkt. No. 50, at 1 (Opposing Plaintiffs' Motion to Certification on the grounds that "because Plaintiffs have each been offered all the relief they could hope to recover via Defendants' Offers of Judgment pursuant to Fed. R. Civ. P. 68, no actual case or controversy

10

exists in this matter" and "the deadline to add additional parties has passed").[4] These efforts were consistent with Defense Counsel's published litigation strategy to the Rule 68 Offers of Judgment to prevent certification of collective actions under Section Rule 216(b). *See Khorrami Dec*, at ¶11, **Exh. B**, at 14-16 (Ashe, Rafuse & Hill LLP publication entitled "Defensive Strategies for Preventing Certification of Wage and Hour Collective and Class Actions" detailing the use of Rule 68 Offers "to prevent certification of a putative class."). To this end, it is clear that Plaintiffs' Motion for Class Certification was a material event which compelled Defendants to offer Plaintiffs complete relief, and therefore, Plaintiffs' Counsel's work on this Motion is compensable.

While Defendants likely will seek to nitpick, or discredit the joint work of co-counsel on various projects as impermissibly duplicative, such arguments should be rejected. All work, including the joint efforts of co-counsel on various projects, entailed distinct work by each attorney that was necessary to ensure adequate representation of the both Plaintiffs in light of the complexities of the litigation. *See Khorrami Dec*, at ¶ 6,7,9; and Exh. A thereto; *Kellner Dec.*, at ¶ 7; and Exh. A thereto; *Switkes Dec.*, Exh. A, thereto. Such joint litigation efforts have been deemed reasonable by the 11th Circuit in complex employment cases like the instant case. *See e.g. Johnson*, 706 F.2d at 1208 ("The retaining of multiple attorneys in a significant, lengthy

---

[4] As stated previously, Defendants moved for an enlargement of time to respond to Plaintiffs' Motion one day after this Motion was filed, and one day prior to the date which Defendant served Rule 68 Offers of Judgment on each named Plaintiff. Defendants represented to the undersigned, as well as the Court, they required additional time in order to prepare their Response to Plaintiffs' Motion for Certification, but neglected to Defendants disclose that they were preparing Rule 68 Offers of Judgment that would be served the next day. Materially, such an extension of the deadline to respond to Plaintiffs' Motion for Certification was required to ensure that the response deadline for Defendants' Rule 68 Offers of Judgment lapsed prior to Defendant's deadline to respond to Plaintiffs' Motion for Certification.

employment discrimination case such as this one is understandable and not a ground for reducing the hours claimed" as "[t]he use in involved litigation of a team of attorneys who divide up the work is common today for both plaintiff and defense work.")

Moreover, it is anticipated that Defendants' will claim that hours expended on certain projects should be excluded based on the lack of success in Plaintiffs' Counsel's endeavor. This too should be rejected, not only because Plaintiffs' Counsel was the prevailing party on all causes of action that were pursued, but because hours are not to be excluded based on success or failure of the project at hand. As held by the Supreme Court, "[l]itigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee." *See Hensley*, 461 U.S. 424, 435 (1983).

Based on the forgoing, the hours expended by Plaintiffs Counsel are reasonable.

2. <u>Based On the Locality Test, the Rates Sought By Plaintiffs Counsel Are Reasonable</u>

The billing rates charged by Plaintiffs Counsel are well within the zone of reasonableness, as such rates are commensurate with billing rates charged by other firms practicing within the Southern District of Florida.

In order to decide what rates are "reasonable," courts look at "prevailing market rates in the relevant community." *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). "Generally, the relevant community is one in which the district court sits." *See Davis v. Mason County*, 927 F.2d 1473, 1488 (9th Cir., 1991); *Polk v. New York State Dep't. of Correctional Servs.*, 722 F.2d 23, 25 (2d Cir. 1983); *Avalon Cinema Corp. v. Thompson*, 689 F.2d 137, 140 (8th Cir. 1982).

Thus, "the burden is on the fee applicant to produce satisfactory evidence -- in addition to the attorney's own affidavits -- that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  See *Blum v. Stenson*, 465 U.S. 886, 896 (1984).

Here, in addition to the Declarations of Plaintiffs' Counsel demonstrating their significant litigation experience and historical court approved billing rates in previous litigation [*See Khorrami Dec*, at ¶9; *Kellner Dec.*, ¶10,11 and 12; *Switkes Dec.*, at ¶12], Plaintiffs' Counsel also submit the declaration of a fee expert establishing that the following ranges are reasonable for attorneys practicing similar litigation in the Southern District: **(i)** Partners – $425-$450 per hour, **(ii)** Associates – $275-375 per hour, and **(iii)** Paralegals/Law Clerks – $150.00 per hour.  *See Dorne Dec*., at ¶ 12-13.

Based on the foregoing, the billing rates charged by Plaintiffs' Counsel are well within the zone of reasonableness, as such rates are commensurate with billing rates charged by other firms practicing complex litigation within this judicial district.

**D.     PLAINTIFFS COUNSEL ARE ENTITLED TO RECOVER THEIR REASONABLE COSTS**

Plaintiffs' Counsel also incurred out of pocked expenses in the amount of $1417.53.  *See Kellner Dec.*, Exh. A; *Switkes Dec.*, Exh. B.

Plaintiffs' Counsel are entitled to recover their costs under Section 216(b)  [*29 USCS § 216(b)* ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.")], and under *Rule 54* as a prevailing party.  Again, Defendants have conceded Plaintiffs'

Counsel's right to recover costs, reserving only the right to contest the amount of costs that are ultimately awarded. [*See* Dkt. Nos. 43 and 44].

## IV.   CONCLUSION

Based on the foregoing points and authorities, as well as the evidence contained in the accompanying declarations, Plaintiffs' Counsel respectfully request that this Court enter an order requiring Defendants to pay Plaintiffs' Counsels' reasonable attorneys' fees and costs in the amount of $77,185.85, which represents 2/3 of the total aggregate attorneys fees and costs of $115,778.78 incurred from the inception of this litigation through September 26, 2007.

## VERIFICATION AND CERTIFICATION OF COUNSEL

I, Robert Switkes, Counsel for the Plaintiffs, in accordance with Local Rule 7.3(A), hereby certify that I have full reviewed and verified the time records and supporting data and that the instant Motion seeking the recovery of attorneys' fees and costs and thereon believe that the instant Motion is well grounded in fact and is justified.

## TERMS OF FEE AGREEMENT

Plaintiffs entered into a contingent fee agreement with Counsel providing that Plaintiff's Counsel shall be paid (1) 40% of any settlement prior to trial, or (2) attorney's fees set by the Court, and (3) that all fees awarded by the Court are deemed the property of Plaintiff's Counsel that cannot be waived by the client.

## REQUEST FOR HEARING

Counsel for Plaintiffs do not believe that a hearing with the Court is necessary in this matter, and hereby, do not request that this matter be set for oral argument before the Court, but rather believe this matter can be submitted on the papers.

## CERTIFICATE OF CONFERRAL [Per LR 7.1(A)(3)]

Counsel for Plaintiffs hereby certify that they have conferred with opposing counsel as to the issues raised herein pursuant to Local Rule 7.1(A)(3). However, they have been unable to reach an agreement.

This 10th day of October, 2008.

**Respectfully submitted,**

s/ Robert Switkes
Florida Bar No.: 241059
*rswitkes@rosenandswitkes.com*
Joshua Entin, Esq.
ROSEN SWITKES & ENTIN P.L.
407 Lincoln Road, PH SE
Miami Beach, FL 33139
Phone: (305) 534-4757
Fax:  (305) 538-5504

Shawn Khorrami, Esq.
Matt Bailey, Esq.
KHORRAMI POLLARD & ABIR LLP

Brian Kabateck, Esq.
Richard Kellner, Esq.
KABATECK BROWN KELLNER LLP.

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

  **I HEREBY CERTIFY** that on this <u>10th</u> day of October, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      **Respectfully submitted,**

      **ROSEN SWITKES & ENTIN P.L**
      **407 Lincoln Road, PH SE**
      **Miami Beach, FL 33139**
      **Telephone: (305) 534-4757**
      **Fax: (305) 538-5504**

      <u>**/S/  Robert Switkes**</u>
      **Robert Switkes**
      **Florida Bar No.: 241059**
      *Attorneys for Plaintiffs*

**SERVICE LIST**
**Alexis King, et al. v. CVS/Caremark Corp., et al.**
**Case No. 07-21824-CIV-GRAHAM/TORRES**
United States District Court, Southern District of Florida

**Christopher P. Hammon**
Ogletree Deakins Nash Smoak & Stewart PC
701 Brickell Avenue
Suite 2020
Miami, FL 33131
Phone: 305-455-3711
Fax: 374-0456
Email: chris.hammon@ogletreedeakins.com

**David M. Demaio**
Ogletree Deakins Nash Smoak & Stewart PC
701 Brickell Avenue
Suite 2020
Miami, FL 33131
Phone: 305-455-3711
Fax: 374-0456

**Nancy E. Rafuse**
Ashe, Rafuse & Hill, LLP
1355 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
Phone: 404-253-6000
Fax: 404-6060

**James J. Swartz**
Ashe, Rafuse & Hill, LLP
1355 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
Phone: 404-253-6000
Fax: 404-6060

**Beth A. Moeller**
Ashe, Rafuse & Hill, LLP
1355 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
Phone: 404-253-6000
Fax: 404-6060