UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 07-21824-CIV-GRAHAM/TORRES

CHRISTINA KING, SCOTT PROPHET, DOMINIQUE RIZZO, JENNIFER MEJIA, and LENA CHESSER, individually, and on behalf of all other similarly situated current and former employees,

    Plaintiffs,

v.

CVS CAREMARK CORP., CVS PHARMACY, INC., HOLIDAY CVS, LLC, and DOES 1 - 100,

    Defendants.

**EXPERT AFFIDAVIT OF CRAIG DORNE, ESQ. IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES (Filed Per Local Rule 7.3(A)(vii)**

Pursuant to 28 U.S.C. § 1746, I, Craig Dorne, Esq., under penalty of perjury, who, being duly sworn upon oath, deposes and states as follows:

1. That I am a practicing attorney at law and a member in good standing of the Florida Bar, and the United States District Court for the Southern District of Florida.

2. I have been a member of the Florida Bar, and the United States District Court for the Southern District of Florida for a period of approximately eighteen (18) years and in that capacity, I am familiar with charges and fees collected by attorneys at law for their services. I have been qualified as an expert witness and served as an expert witness on the reasonableness of legal fees in numerous cases.

3. I have evaluated the reasonableness of legal fees and services of cases in various contexts. I have also been involved in resolving billing disputes with clients, both those I

have serviced and those serviced by other members of the firms with which I have been associated.

4. I have filed motions for prevailing party attorneys' fees and opposed same. I have also given expert declarations relating thereto.

5. A true and correct copy of my curriculum vitae, which accurately reflects my education, training and experience is attached hereto as **Exhibit "A"** and incorporated herein by reference.

6. I have been retained by Plaintiffs' counsel in the above-captioned Action to render an opinion on the reasonableness fees and expenses requested by Plaintiffs' Counsel in Plaintiff's Motion for Attorneys Fees made in connection with the resolution of certain claims incident to an Offer of Judgment accepted on September 26, 2007. In order to render my opinion, I familiarized myself with all aspects of this litigation up to and including the acceptance of the Offers of Judgment on September 26, 2007. My analysis of this case is based on the understanding that, **after** filing a motion for conditional collective action certification in this matter, Plaintiffs Christina King and Dominique Rizzo were served offers of judgment encompassing the full amount of their claims, including liquidated damages and entitlement to attorneys' fees. It is also my understanding that Plaintiffs King and Rizzo **accepted** these offers of judgment and that the Motion for Attorneys fees at issue herein is based on, and limited to, work incurred on this case through Plaintiffs King and Rizzo's acceptance of the offers of judgment, and allocatable to those plaintiffs.

7. In the course of arriving at my opinions in the instant case, I reviewed the files of this cause at the offices of ROSEN SWITKES & ENTIN P.L. (including PACER filings

2

where I deemed it necessary), the timesheets detailing time expended by the three firms that represented the plaintiffs in this case (including itemizations of expenses incurred through the relevant time period of case inception through September 26, 2007), and have detailed knowledge of the efforts expended by the Plaintiffs' attorneys and staff in this matter from the law firms of: ROSEN SWITKES & ENTIN P.L; KHORRAMI POLLARD & ABIR, LLP; and KABATECK BROWN KELLNER LLP.

8. I have also discussed this case and representation with Mr. Joshua Entin, Mr. Robert Switkes, Mr. Matt Bailey and Mr. Dylan Pollard of Khorrami Pollard & Abir, LLP in Los Angeles, CA and Mr. Richard Kellner, Esq. of Kabateck Brown Kellner, also in Los Angeles, CA.

9. I have reached an opinion on the applicability to the instant case of the factors set forth in *Johnson* v. *Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974), *overruled on other grounds, Blanchard* v, *Bergeron,* 489 U.S. 87, 109 S.Ct. 939 (1989) (the *"Johnson* factors"). *See also Normal* v. *Housing Authority of Montgomery,* 836 F.2d 1292, 1299 (llth Cir. 1988)("A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation") and Rule 4-1.5(b) of the Florida Bar Rules of Professional Conduct. These include:

    a. the time and labor required;

    b. the novelty, complexity, and difficulty of the issues;

    c. the skill requisite to perform the legal services properly;

    d. the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;

e. the customary fee charged in the locality for legal services of a comparable or similar nature, including whether the fee was fixed or contingent;

f. time limitations imposed by the client or by the circumstances;

g. the significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained;

h. the experience, reputation, and ability of the lawyers;

i. the nature and length of the professional relationship with the clients; and

j. awards in similar cases.

10. The ROSEN SWITKES & ENTIN P.L. time records (which are attached to the Affidavit of Robert Switkes, Esq., filed concurrently herewith) are detailed and internally consistent, and I believe them to be reliable and carefully-kept records of the hours spent prosecuting this case from its inception through the dates of acceptance of the offers of judgment (September 26, 2007)[1]. I am of the opinion that the time records submitted meet the standards in our profession.

11. Likewise, I have reviewed the time records from the Plaintiffs attorneys at KHORRAMI POLLARD & ABIR, LLP and KABATECK BROWN KELLNER LLP, who assisted with the prosecution of this case. The KHORRAMI POLLARD & ABIR, LLP and KABATECK BROWN KELLNER LLP time records (attached as exhibits to the Declarations of Shawn Khorrami, Esq. and Richard Kellner, Esq. respectively) are similarly detailed and internally consistent, and I believe them to be

---

[1] I have reviewed the Rosen Switkes & Entin P.L. timesheets from the inception of this case to present. However, for purposes of the instant motion for fees, it is my understanding that fees are only being sought at this time from the inception of this case through September 26, 2007, and that counsel is only seeking an award of 2/3 of the aggregate fees incurred which corresponds with the 2 out of 3 plaintiffs who accepted the offers of judgment..

reliable and carefully-kept records of the hours that said firms spent prosecuting this case from its inception through the dates of acceptance of the offers of judgment (September 26, 2007). I am of the opinion that the time records submitted meet the standards in our profession and more specifically by professionals within this judicial district.

12. With respect to "the customary fee" charged in the locality for legal services of a comparable or similar nature, I am familiar with the rates regularly charged by lawyers, law clerks and paralegals in the Miami and South Florida areas for complex litigation. The hourly rates for the attorneys and law clerks who have worked on this file from Rosen Switkes & Entin P.L. are as follows: Robert Switkes - $450.00/hr; Joshua Entin - $325.00/hr; Todd Feldman - $225.00/hr; Kristen Tajak - $225.00/hr; Law Clerks - $150.00/hr. The hourly rates for the attorneys and law clerks who have worked on this file from KHORRAMI POLLARD & ABIR, LLP are as follows: Shawn Khorrami-$425.00/hr; Dylan Pollard--$425.00/hr; Matt Bailey--$375.00/hr; Sonia Tandon--$300.00/hr; Annalisa Ward--$275.00/hr.; Law Clerks/Paralegals--$150.00/hr[2]. The hourly rates for the attorneys and law clerks who have worked on this file from KABATECK BROWN KELLNER LLP are as follows: Richard Kellner--$450.00/hr; M. Mark Yenikomshian--$300.00/hr.; Lorlina Osbourne (Paralegal)--$125.00/hr; Claudia Candelas (Law Clerk)--$105/hr[3].

---

[2] It is my understanding that KPA attorneys have voluntarily agreed to reduce their hourly billable rate so that it falls cleanly within the ranges of rates commonly charged on similar litigation in the South Florida legal community. While their standard rates billed for work performed in Southern California arguably fall within the high range of rates received by South Florida attorneys of similar experience, the reduced rates herein fall squarely within acceptable ranges.

[3] Similarly, the KBK attorneys have voluntarily agreed to reduce the rates of their senior partner involved in this case (Richard Kellner) to comport with the center of the range of acceptable fees in the South Florida legal community.

5

13. I believe that the hourly rates for the above are reasonable and customary rates in this locality for the type of work involved in the prosecution of this case. Further, these currently hourly rates are well within the range of fees commanded by lawyers of their experience and stature in the South Florida market for legal services. It is therefore my opinion that the rates requested for the above firms' services fall within the range of market rates in our community, and are reasonable and consequently should be approved by this Court.

14. With respect to "the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer," working on this case consumed significant amounts of time for the attorneys involved. This matter was aggressively defended by the defendants throughout the litigation. Further, the briefing conducted by the Plaintiffs, including but not limited to the drafting of the motion for conditional collective action certification, involved significant efforts and research, all of which was done at the expense of working on other matters and was done without the expectation of payment unless the Plaintiffs prevailed..

15. With respect to "the time limitations imposed by the client or by the circumstances," I understand from my comprehensive review of the file that time limitations were a significant factor in this case. Based on my review of the file, Plaintiffs were provided very limited deadlines to complete major tasks. For example, the Court, by an order entered two weeks after the case was filed on July 16, 2007, required each Plaintiff to submit a sworn affidavit of the amount, calculation and nature of the wages claimed to be unpaid within 10 days of said Order. [Dkt. No. 11]. Moreover, on August 15, 2007, the Court set an expedited trial date of January 7, 2008 – less

than five months of the case being filed. [Dkt. No. 25]. These abbreviated deadlines required that Plaintiffs' Counsel dedicate exclusive attention to this matter to ensure that these deadlines were met.

16. With respect to "the significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained," it is my opinion that this factor weighs heavily in favor of Plaintiffs for an award of fees. This is especially true insofar as Defendants themselves acknowledge that the Rule 68 Offers of Judgment was intended to provide "complete relief for each Plaintiff's alleged damages" based on each Plaintiff's Statement of Claim filed pursuant to the order of this Court. [See Dkt. No. 47, at p. 3 (Motion to Compel Acceptance of Rule 68 Offer of Judgment)].

17. With respect to "the experience, reputation, diligence, and ability of the lawyer or lawyers performing the service and the skill, expertise, or efficiency of effort reflected in the actual providing of such services," it is my opinion that the experience, reputation, and ability of the attorneys involved is quite high. I have known Mr. Switkes and Mr. Entin professionally for many years. They are lawyers of the highest caliber. Mr. Switkes is widely considered to be one of the most respected civil trial attorneys in this community and is invited frequently to speak on various topics. Mr. Entin is also a prominent lawyer in this community and is recognized as one of the most respected lawyers in our community representing disabled plaintiffs in lawsuits brought pursuant to the Americans with Disabilities Act.

18. Although I do not personally know the lawyers from KHORRAMI POLLARD & ABIR, LLP and KABATECK BROWN KELLNER LLP, the high caliber of their

work on this case is evident on first glance. I have also conducted research on their firms, read and reviewed the Declarations of Shawn Khorrami, Esq and Richard Kellner, Esq., regarding their firms' significant experience and accomplishments, and have spoken with lawyers from their firms about this case and their involvement in this matter. It is my understanding that these firms are recognized as two of the most respected class action firms in the United States and that they have significant experience and success in the arena of employment wage and hour litigation.

19. The total amount of attorneys' fees and expenses incurred by ROSEN SWITKES & ENTIN P.L; KHORRAMI POLLARD & ABIR, LLP; and KABATECK BROWN KELLNER LLP up through and including September 26, 2007 is $115,778.78. Because two out of the three named plaintiffs at the time accepted offers of judgment, and the instant motion for fees is based upon plaintiffs Christina King and Dominique Rizzo accepting offers of judgment pursuant to Federal Rule of Civil Procedure 68, a reasonable amount of attorneys' fees and expenses to be recovered by ROSEN SWITKES & ENTIN P.L; KHORRAMI POLLARD & ABIR, LLP; and KABATECK BROWN KELLNER LLP for work performed up through and including September 26, 2007 is $77,185.85. This amount represents approximately 2/3 of the total amount of attorneys fees incurred from the inception of this case up through and including September 26, 2007. Accordingly, it is my opinion that the requested attorneys' fees of $77,185.85 for the law firms of ROSEN SWITKES & ENTIN P.L; KHORRAMI POLLARD & ABIR, LLP; and KABATECK BROWN KELLNER LLP are reasonable for the successful prosecution of this case from its inception through September 26, 2007, resulting in the acceptance of offers of judgment by

Plaintiffs Christina King and Dominique Rizzo for the full amount of their stated claims.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____
CRAIG M. DORNE, ESQ.

10-10-08
_____
DATED

9

**CRAIG M. DORNE, Esquire**
407 Lincoln Road ◊ Penthouse Southeast ◊ Miami Beach ◊ Florida 33139
Telephone (305) 534-4757 ◊ Facsimile (305) 538-5504
cdorne@dornelaw.com ◊ www.dornelaw.com

**Education**
Doctor of Law, University of Miami, Coral Gables, FL, May 190
Bachelor of Business Administration, University of Miami, Coral Gables, FL, May 1986

**Professional Licenses**
Admitted to practice law in Florida

**Legal Employment**
**Craig M. Dorne, PA**, Miami Beach, FL
Partner 5/98 – Present

- General corporate and transactional practice emphasizing on representation of health care, corporate and individual clients, in corporate, real estate and trust and estate matters.
- Assists clients in a wide range of corporate, regulatory and litigation matters as well as with offering memorandums, business and compliance plans.
- Served as general counsel to certain corporate clients.

**AmeriCan Medical Plans, Inc.**, Miami, FL
Vice President and General Counsel 3/95– 5/98

- Served as corporate officer and attorney of this national HMO until its relocation to Atlanta Georgia.
- Prepared provider and subscriber contracts.
- Processed applications for Certificates of Authority and Medicaid contracts.
- Prepared offering memorandums and business plans, which raised in excess of thirty million dollars.
- Handled all state and federal regulatory matters.
- Managed human resource matters.
- Served as a board member of the Mississippi Association of Managed Care Organizations and as its representative to the Managed Care Advisory Committee.

**Max A Med Health Plans, Inc.**, Miami, FL
General Counsel 2/94 – 3/95

- Directed general corporate, contractual, real estate, regulatory and litigation matters.
- Guided risk management, governmental affairs and insurance coverage matters.
- Prepared sale documents for acquisition by Physician Corporation of America.

**Fine Jacobson Schwartz Nash & Block**, Miami, FL
Associate 1/93 - 2/94

- Represented health care and corporate clients in general corporate, contractual, regulatory, licensing, Medicare and Medicaid fraud and abuse, and real estate matters.
- Litigated lawsuits including automobile accidents, insurance coverage and commercial issues.

**Matzner Ziskind & Jaffee**, Miami, FL [Firm merged into Fine Jacobson]
Associate 8/92 - 1/93

- Represented health care and corporate clients in general corporate, contractual and real estate matters.
- Litigated lawsuits including automobile accidents, insurance coverage, employment discrimination and commercial issues.

**Hinshaw & Culbertson**, Miami, FL
Associate, 5/90 - 8/92

- Litigated lawsuits including: automobile accidents, insurance coverage issues, errors and omissions, civil theft and RICO claims, officers and directors' liability, civil rights and professional liability.
- Conducted legal research and prepared appellate motions.
- Hired and supervised law clerks and summer associates.

## Teaching Experience
**University of Miami**, Coral Gables, FL
Adjunct Professor 4/07 - Present

- Responsible for instructing its contract and tort classes for paralegal studies program

**Kaplan University**, Boca Raton, FL
Adjunct Professor 8/04 - Present

- Responsible for instructing courses in the area of New Student Orientation to online studies, Business Organizations, Interviewing and Investigation, Wills and Trusts and Capstone. Also responsible for course development and modification of classes.

**City College**, Miami, FL
Adjunct Professor 8/03 – 2/07

- Responsible for instructing a full range of courses in the school's paralegal program including General Law, Commercial Transactions, Torts, Legal Research and Writing, Criminal Law and Real Estate Law.

## Experience Working as/with Paralegals and Law Clerks
Hinshaw & Culbertson, 1/89 - 8/92

- Commenced work with firm as a Law Clerk and upon becoming an attorney with the firm was responsible for the hiring and supervision of law clerks and paralegals

## Professional Activities
Member – Florida Bar Association
Member – Dade County Bar Association
Member – American Health Lawyers Association
Member – American Bar Association